SOUTHERN PINE COMPANY OF GEORGIA, A CORPORATION, AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND, A CORPORATION, *Plaintiffs in Error,* v. L. B. POWELL AND E. D. ABERNATHY, PARTNERS DOING BUSINESS AS ABERNATHY & POWELL, *Defendants in Error.*

1. In passing upon an assignment of error based upon an instruction given to the jury this court is restricted to the examination of said instruction and the statement accompanying

the same, as provided by special rule 3, as said instruction and statement are made to apepar in the ordinary bill of exceptions.

2. A charge of the court which may have misled the jury, and which may have caused the jury to arrive at a wrong conclusion, is cause for reversal.

3. The trial judge may charge the jury as to the presumptions which the law by settled rule draws from given facts; but an inference of a fact, or the conclusion of the existence of a fact from some other fact or facts is to be drawn by the jury.

4. An instruction assuming as proven fact matters which upon the trial are in dispute is erroneous.

5. It is error for the trial judge to charge the jury otherwise than upon the law of the case. A charge to the jury upon the facts of the case is in violation of the express provisions of section 1088 of the Revised Statutes of 1892.

This case was decided by the court *En Banc.*

Writ of error to the Circuit Court for Duval county·

### *Statement.*

On the 14th day of September, 1903, the defendants in error brought an action of assumpsit in the Circuit Court in and for Duval county against J. P. Middlemas and C. D. Moore, partners doing business as J. P. Middlemas & Company, and on the same day caused a writ of attachment to be issued out of said court, which was levied on the 15th day of said month upon a lot of lumber of about one hundred and eighty thousand feet as the property of the said defendants in attachment.

On the 23rd day of September, 1903, the defendants in attachment filed their traverse of the attachment, which issue came on to be tried before a jury on the 25th day of January, 1904, at a term of said court, and a verdict was returned in favor of the plaintiffs in attachment and the judgment of the court duly entered thereon. A default was entered against said defendants in the action of assumpsit, and on the first day of February, 1904, final judgment was en-

tered thereon in favor of said plaintiffs for the sum of $1,413.68, damages, and $7.60 costs.

On the 16th day of September, 1903, the Southern Pine Company of Georgia, one of the plaintiffs in error, filed a claim affidavit, in the usual form, in which it was recited that the one hundred and eighty thousand feet of lumber which had been levied upon under said writ of attachment was the property of said claimant, and on the same day a claim bond was filed in the usual form with the Fidelity and Deposit Company of Maryland, the other plaintiff in error, as surety.

On the 3rd day of February, 1904, at a term of said court, this issue came on for trial before a jury, and a verdict was rendered against the claimant and in favor of the plaintiffs in attachment. On the same day judgment was entered on said verdict against the plaintiffs in error, from which they seek relief here by writ of error, assigning some six errors.

*Cooper & Cooper* for plaintiffs in error.

*Hartridge & MacDonell* for defendants in error.

SHACKLEFORD, J. (*after stating the facts*).—The first error assigned is as follows: "That the said Circuit Court erred in giving the following portion of the oral charge, which it gave to the jury of its own motion, to-wit: 'You, therefore, start out, gentlemen, with an admission on both sides that the property was at one time, prior to the attachment, the property of J. P. Middlemas & Company. You go by the testimony from that point to reach your conclusions as to whether the claimant is entitled to the property or whether the plaintiff in the attachment suit is entitled to make his debt of J. P. Middlemas & Company,' to the giving of which portion of the said oral charge, the said claimant, Southern Pine Company of Georgia, then and there excepted."

In passing upon this assignment this court is restricted to the examination of said instruction and the statement accompanying the same, as provided by special rule 3, as said instruction and statement are made to appear in the ordinary bill of exceptions. *Daytona Bridge Company v. Bond,* 47 Fla. 136, 36 South. Rep. 445, and authorities therein cited.

The statement accompanying said charge is rather lengthy and we deem it unnecessary to set it forth in detail. Suffice it to say that we have given the same a careful examination and have failed to find anywhere therein any *admission* that the attached "property was, at one time, prior to the attachment, the property of J. P. Middlemas & Company." On the contrary, there was evidence, according to said statement, tending to show that there was some lumber in the 180,000 feet attached which had been received from others than J. P. Middlemas & Company, some 34,780 feet having been purchased by claimant from the Inverness Lumber Company and delivered to claimant on the dock, where all of the lumber in question was. There being no admission "on both sides" that said attached property was at one time, prior to the attachment, the property of J. P. Middlemas & Company, and there being some evidence which at least tended to show that some of the property in question was not the property of the defendants in attachment prior to the attachment, it was error to give this instruction to the jury, the tendency of which was to mislead and confuse the jury. This of itself is sufficient cause for reversal. See *Meinhardt Bros. & Co. v. Mode,* 25 Fla. 181, 5 South. Rep. 672; *Livingston v. Anderson,* 30 Fla. 117, text 131, 11 South. Rep. 270; *Mayer Bros. v. Wilkins,* 37 Fla. 244, 19 South. Rep. 632.

However, in our opinion, said instruction is objectionable for the further reason that it is violative of section 1088 of Rev. Stats. 1892, which requires the trial judge to charge the jury "only upon the law of the case." That an instruction upon the facts, or assuming as proven fact mat-

ters which upon the trial are in dispute, or concerning which there is conflicting evidence, is erroneous, see *Doggett v. Jordan,* 2 Fla. 541; *Florida Cent. & P. R. Co. v. Foxworth,* 41 Fla. 1, 25 South. Rep. 338; *Baker v. Chatfield,* 23 Fla. 540, 2 South. Rep. 822; *Ashmead v. Wilson,* 22 Fla. 255; *Louisville & Nashville R. R. Co. v. Yniestra,* 21 Fla. 700; *Ferguson v. Porter,* 3 Fla. 27; *Pinson v. State,* 28 Fla. 735, text 749, 9 South. Rep. 706; *Collins v. State,* 13 Fla. 651.

Having found this error, which is sufficient to cause a reversal of the judgment, it becomes unnecessary for us to consider the other errors complained of, as they need not necessarily arise upon another trial of the cause.

For the error found the judgment must be reversed and a new trial awarded, and it is so ordered, at the cost of the defendants in error.

TAYLOR, C. J., and COCKRELL, HOCKER and WHITFIELD, JJ., concur.

CARTER, J., absent.