COMMONWEALTH OF PENNSYLVANIA, to Use of HUIDEKOPER, v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(Circuit Court, W. D. Pennsylvania. April 29, 1909.)

No. 125.

1. COURTS (§ 356*)—FEDERAL COURTS—PROCEDURE.
   A suit in a federal court on a supersedeas bond given under the Pennsylvania statute of May, 1897, regulating practice on appeals to the supreme and superior courts, is governed by the laws and decisions of that state.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. § 356.*
   State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. APPEAL AND ERROR (§ 1106*)—DISPOSITION—INTERLOCUTORY JUDGMENT.
   Under Act Pa. May 20, 1891 (P. L. 101), empowering the Supreme Court to enter such judgment as may be deemed proper, on appeal in a suit for an accounting the Supreme Court could make an interlocutory order remitting the record for a finding by the referee on a particular point.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4392–4393; Dec. Dig. § 1106.*]

3. APPEAL AND ERROR (§ 1232*)—DISPOSITION—INTERLOCUTORY JUDGMENT.
   An order of the Supreme Court of Pennsylvania, on appeal in a suit for accounting, remitting the record for a finding by the referee respecting a credit claimed by defendant, was an interlocutory and not a final judgment, as affecting the liability of the surety on a supersedeas bond.
   [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1232.*]

4. PRINCIPAL AND SURETY (§ 145*)—SUPERSEDEAS BOND—LIABILITY.
   The surety on a supersedeas bond is concluded by decisions and orders of the appellate court.
   [Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 397–401; Dec. Dig. § 145.*]

Action by the Commonwealth of Pennsylvania, to the use of Arthur C. Huidekoper, against the Fidelity & Deposit Company of Maryland. Judgment for plaintiff.

S. S. Mehard and John O. McClintock, for plaintiff.

Charles F. Patterson (Edgar H. Gans and Thomas A. Whelan, of counsel), for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

YOUNG, District Judge. In pursuance of a stipulation in writing waiving a jury this cause was tried by the court without the intervention of a jury on the 9th day of February, 1909. And now, April 29, 1909, upon due consideration the court finds the facts to be as follows:

First. The bond sued on in this case was given by Samuel B. Dick upon taking an appeal to the Supreme Court of Pennsylvania in the case of Samuel B. Dick v. Arthur C. Huidekoper from the final decree of the court of common pleas of Crawford county, at No. 1, November term, 1900, in equity. By that bond the defendant, the Fidelity & Deposit Company of Maryland, a corporation, undertook "that if the said appellant will prosecute this appeal with effect, and will pay all costs and damages awarded by the appellate court, or legally chargeable against him, then this obligation to be void; otherwise to remain in full force and virtue." Thereupon the record was sent to the Supreme Court of Pennsylvania and docketed at No. 283, January term, 1905, and on April 24, 1906, the cause was argued upon the appeal in the appellate court and thereafter, a question having arisen as to certain shares of stock which it was alleged might be a credit to the appellant, the appellate court ordered briefs to be filed by counsel for the parties and upon the filing of briefs the court ordered a reargument.

Second. In the meantime Samuel B. Dick, the plaintiff, having died, Harriet D. Speer, executrix of his last will and testament, was substituted as plaintiff.

Third. The appellate court on May 27, 1907, filed the following opinion:

"In this case we have not discovered error in connection with any question of fact or of law that was raised and passed upon below. On the material question of fact as to whether Dick advanced for Huidekoper, in the nature of a loan, three thousand shares of the capital stock of the Pittsburgh, Shenango & Lake Erie Railroad Company, in what is known as the Carnegie deal, there is no distinct finding, and the record is remitted with direction that the court recommit the case to the referee, that he may pass upon, subject to its review, this one question, on the evidence already taken before him; and, if there should be a finding that such stock was advanced for Huidekoper, in the nature of a loan, Dick is to be credited with the same, at its market value at the time of the trial before the referee, December 9, 1901, together with interest."

Fourth. Thereupon the record was remitted to the court of common pleas of Crawford county, and that court upon June 8, 1907, made the following order:

"June 8, 1907. Pursuant to the foregoing it is hereby ordered that the record in this case be and is hereby recommitted to the referee for the purpose of carrying out the directions contained in the foregoing order."

Fifth. Pursuant to that order the referee passed upon the question set out in the order of the Supreme Court which had been referred to him and made the following conclusion:

"My conclusion is that there never was any agreement by Huidekoper to deliver 3,000 shares of the stock of the Pittsburgh, Shenango & Lake Erie Railroad Company, for the one-half of the stock delivered by Dick of his own shares to make up the amount of stock going to the Carnegie Steel Company;

but that Huidekoper was liable only to account to Dick for the value of the stock held by him in excess of that held by Dick in the final settlement, at the value of fifteen dollars per share, as the account between them has already been stated by me."

Sixth. Thereupon the court of common pleas of Crawford county reviewed the report and finding of the referee upon the exceptions filed thereto by the respective parties, and on March 27, 1908, affirmed and confirmed the report of the referee.

Seventh. Upon April 9, 1908, Arthur C. Huidekoper, the defendant, filed his petition in the Supreme Court, at No. 283, January term, 1905, reciting that the appeals in the above case were argued on April 24, 1906; that the question of credit for certain stock had arisen; that the court had ordered the record to be remitted to the referee of the lower court upon that question, the proceedings before the referee and the review thereof by the lower court, and the confirmation of the report of the referee; and, further, that the proceedings directed by the appellate court in its order of May 27, 1907, had been completed, and that the record was now ready for final action by the appellate court, and praying that the record be returned and a time fixed for argument.

Eighth. To this petition, on April 9, 1908, Harriet D. Speer, executrix of Samuel B. Dick, the plaintiff, filed an answer reciting that the case, by writ of remittitur on the 27th day of May, 1907, had been sent to the court of common pleas of Crawford county, directing that court to pass upon a question which in the previous hearing had been overlooked; that the case was duly heard by the referee, and his report thereon confirmed absolutely by the lower court; and that the same now remained of record in that court. The answer concludes as follows:

"That no appeal has been taken from the decree entered in said court, and your respondent respectfully suggests that this court has no jurisdiction of the said cause at this time nor power to make the order prayed for in the said petition of the said Huidekoper, and will not have any power or control of the said record until and unless an appeal be taken to this court from the decree of the court below."

Ninth. Thereupon the Supreme Court on April 21, 1908, made the following order:

"Petition granted, and it is ordered that the record be returned to this court and the case placed on argument list for week commencing April 27, 1908, that counsel for estate of S. B. Dick, deceased, may be heard, if they desire, on the question passed upon by the court below in pursuance of order of May 27, 1907."

Tenth. Thereupon, on May 18, 1908, the appellate court filed the following opinion at No. 283, January term, 1905, of said court:

"The appeal in this case was from an order confirming the report of a referee appointed to state an account between partners. Upon the argument of the appeal in this court, it appears that there was a material matter as to which there was no distinct finding, and the case was recommitted to the referee. On all other questions the opinion of the court was expressed in the order filed, in which it was said: 'In this case we have not discovered error in connection with any question of fact or of law that was raised and passed upon below. On the material question of fact, as to whether Dick

advanced for Huidekoper in the nature of a loan 3,000 shares of the capital stock of the Pittsburgh, Shenango & Lake Erie Railroad Company, in what is known as the "Carnegie deal," there is no distinct finding, and the record is remitted with direction that the court recommit the case to the referee, that he may pass upon, subject to its review, this one question, on the evidence already taken before him.' The referee, after a careful consideration of this question, reported that Dick had not advanced stock for Huidekoper, and his report was confirmed by the court of common pleas. The only open question in the case is one of fact as to the correctness of the referee's finding. We see nothing in the evidence that would warrant a reversal of the decree. The decree is affirmed."

Eleventh. From the order or decree of the court of common pleas of Crawford county confirming the report of the referee an appeal was taken by Harriet D. Speer, executrix of Samuel B. Dick, deceased, against Arthur C. Huidekoper, and the record was returned to the Supreme Court of Pennsylvania, where the case was docketed at No. 159, January term, 1908, which was disposed of on May 18, 1908, by the court making the following order:

"The decree is affirmed.   Per curiam."

Twelfth. Thereupon, upon the 1st day of June, 1908, the Supreme Court of Pennsylvania, by its writ of remittitur, directed the record at No. 283, January term, 1905, and the record at No. 159, January term, 1908, to be remitted to the court of common pleas of Crawford county for execution or otherwise.

Thirteenth. Neither the said Samuel B. Dick nor Harriet D. Speer, executrix, has paid the costs or damages awarded by the decree of the court of common pleas of Crawford county and affirmed by the appellate court.

Fourteenth. That the true and correct amount of costs as duly taxed and entered of record in said case at No. 1, November term, 1900, in the court of common pleas of Crawford county, in equity, is the sum of $6,463, one-half of which amount being the sum of $3,231.50.

Fifteenth. That the claim and demand made in this case on behalf of Arthur C. Huidekoper, the use plaintiff, is therefore the sum of $184,839.69, together with interest thereon from the 11th day of September, A. D. 1905, being the debt and interest, and the further sum of $3,231.50, being one-half of said costs, and together being the amount of the decree and judgment in favor of said Arthur C. Huidekoper and against said Samuel B. Dick and one-half of the costs of said case, so as aforesaid recovered at No. 1, November term, 1900, in the court of common pleas of Crawford county, in equity, and affirmed by the Supreme Court of the state of Pennsylvania, as aforesaid.

Sixteenth. That the said Fidelity & Deposit Company of Maryland, surety on said supersedeas bond as aforesaid, having likewise neglected and refused to pay to the use plaintiff, Arthur C. Huidekoper, the said debt and interest and said one-half of said costs, this suit was brought upon said supersedeas bond in the name of the commonwealth of Pennsylvania, for the use of Arthur C. Huidekoper, plaintiff, against the Fidelity & Deposit Company of Maryland, the defendant,

in the court of common pleas of Crawford county, Pa., at No. 129, September term, 1908, and after service of process in said suit upon said defendant the said cause, upon the petition of said defendant, was removed from said court of common pleas of Crawford county, Pa., into this the Circuit Court of the United States for the Western District of Pennsylvania.

## Opinion.

This case turns upon the question of law whether the order of the Supreme Court of Pennsylvania, made on May 27, 1907, by which the record in the case then pending at No. 283, January term, 1905, of said court, wherein Samuel B. Dick was plaintiff and Arthur C. Huidekoper was defendant, was a final disposition of that case, and that thereby the condition of the bond given by the appellant upon which the Fidelity & Deposit Company of Maryland was surety, that the appellant should prosecute his appeal with effect, had been performed and the surety no longer bound. This being a suit upon a supersedeas bond given under the Pennsylvania statute of May, 1897, regulating the practice, bail, costs, and fees on appeals to the Supreme and superior courts of the state is to be determined by the laws and decisions of that state. This position is supported by a long line of cases decided by the Supreme Court of the United States. It is sufficient to refer to the case of Elmendorf v. Taylor, 10 Wheat. 159, 6 L. Ed. 289, where Chief Justice Marshall said:

"The judicial department of every government, where such department exists, is the appropriate organ for construing the legislative acts of that government. Thus, no court in the universe which professes to be governed by principle, would, we presume, undertake to say that the courts of Great Britain or of France or of any other nation had misunderstood their own statutes, and therefore erect itself into a tribunal which should correct such misunderstanding. We receive the construction given by the courts of the nation, as the true sense of the law, and feel ourselves no more at liberty to depart from that construction, than to depart from the words of the statute. On this principle, the construction given by this court to the Constitution and laws of the United States is received by all as the true construction; and, on the same principle, the construction given by the courts of the several states to the legislative acts of those states, is received as true, unless they come in conflict with the Constitution, laws, or treaties of the United States."

In this case the bond was executed and delivered and to be performed in the state of Pennsylvania, pursuant to the requirements of the act of Assembly of 1897 of that state, regulating practice upon appeals, and entered as a supersedeas bond upon an appeal from a decree of a lower court to the Supreme Court of that state.

The Supreme Court of Pennsylvania has considered and decided that its order of May 27, 1907, was not a final order, but only interlocutory. It has done this as appears by the words of the order itself. These words are:

"And the record is remitted with direction that the court recommit the case to the referee, that he may pass upon, subject to its review, this one question, on the evidence already taken before him; and, if there should be a finding that such stock was advanced for Huidekoper, in the nature of a loan, Dick is to be credited with the same, at its market value at the time of the trial before the referee, December 9, 1901, together with interest."

That court had power to make such an interlocutory order under the act of Assembly of May 20, 1891 (P. L. 101), which provides:

"The Supreme Court shall have power in all cases to affirm, reverse, modify, or amend, a judgment, order or decree appealed from, and to enter such judgment, order or decree in the case as the Supreme Court may deem proper and just without return of record for amendment or modification to the court below."

It was not a return of the record, but simply a recommitment of the record to the lower court so that the appellate court might be advised by a distinct finding of the fact which, while it has been passed upon as we view it, had not been separately and distinctly found. After argument of the appeal, it having been brought to the attention of the appellate court that there was a question concerning certain stock which the appellant claimed should be credited to him by the appellee, the court ordered briefs to be filed and afterwards that the case be re-argued and reargument was made in the appellate court on January 21, 1907. After that argument the court made the order of May 27, 1907, recommitting the case to determine that question alone, still retaining the case and refraining from making a final decree until its order was complied with. It having then been brought to the attention of the appellate court by the petition of the appellee that its order had been complied with and praying that the record might be sent up for final disposition of the appeal, to which appellant filed an answer denying the jurisdiction of the court to consider and pass upon the appeal unless an appeal was taken from the decree of the lower court confirming the report of the referee upon the question committed by the order of the appellate court on May 27, 1907, such appeal not yet having been taken, the appellate court, upon April 21, 1908, granted the petition, ordered that the record be returned, ordered a reargument, which was had on April 28, 1908, and thereafter, on May 18, 1908, not only filed an opinion and affirmed the decree at No. 283, January term, 1905, which was the original appeal, but also disposed of the record at No. 159, January term, 1908, by marking the decree again affirmed, and caused its writ of remittitur to be issued and the record sent down for execution or otherwise, in both the case at No. 283, January term, 1905, and No. 159, January term, 1908. All these proceedings subsequent to the raising of the question after the argument in the appellate court upon April 24, 1906, until the final order of affirmance on May 18, 1908, show that the court had presented to it, considered and decided that the order of May 27, 1907, was only an interlocutory order, and one which it had power to make under the act of 1891.

Were we required to pass upon the question presented by this record we should unquestionably reach the same conclusion. From an inspection of the whole record, viewed in the light of the statutes of Pennsylvania regulating appeals to the Supreme Court, we would unhesitatingly conclude that the order of May 27, 1907, was only an interlocutory order and made for the purpose of advising the court having the appeal upon a single question so that it might, as provided by the act of 1891, either affirm, reverse, modify, or amend the decree of the court below.

The Supreme Court of Pennsylvania having finally disposed of the case by its order of affirmance of May 18, 1908, that case was at an end, and the appellant had failed to prosecute his appeal with effect and was therefore bound to pay the costs and damages awarded by the appellate court. Neither the appellant nor his executrix having paid the costs and damages awarded, the defendant in this suit is bound as surety to do so. The defendant in this case having been the surety upon the supersedeas bond was not a stranger to the proceedings thereafter conducted by the appellant in the Supreme Court of Pennsylvania, but is concluded by the decisions and orders of that court. This has been decided not only in Pennsylvania and many other of the states of the Union, but by the Supreme Court of the United States, notably in the case of Stovall v. Banks, 77 U. S. 583, 19 L. Ed. 1036, where Mr. Justice Strong said:

"It has been argued on behalf of the defendants in error that the decree of the superior court, if admitted, would have been only prima facie evidence against the sureties in the bond. Were that conceded it would not justify the exclusion of the evidence. But the concession cannot be made. The decree settled that the administrator of the estate, Alfred Eubanks, held in his hands sums of money belonging to the equitable plaintiffs in this suit, as distributees of the intestate's estate, which he had been ordered to pay over by a court of competent jurisdiction, and the record established his failure to obey the order. Thereby a breach of his administration bond was conclusively shown. Certainly the administrator was concluded. And the sureties in the bond are bound to the full extent to which their principal is bound. A principal in a bond may be liable beyond the stipulations of the instrument, independently of them, but so far as his liability is in consequence of the bond, and by force of its terms, his surety is bound with him. There may be special defenses for a surety arising out of circumstances not existing in this case, but in their absence, whatever concludes his principal as an obligor concludes him. He cannot attack collaterally a decree made against an administrator for whose fidelity to his trust he has bound himself." Moore v. Huntington, 84 U. S. 417, 21 L. Ed. 642, and many others.

Upon the facts and law of the case as above stated the court finds that judgment should be rendered in this case, first for the commonwealth of Pennsylvania in the amount of the obligation of said bond, to wit, in the sum of $380,000; and, second, for Arthur C. Huidekoper, the use plaintiff, and against the Fidelity & Deposit Company of Maryland, defendant, for the amount shown by the said decree of the 18th day of September, A. D. 1905, in the court of common pleas of Crawford county, Pa., in equity, at No. 1, November term, 1900, as affirmed by the Supreme Court of Pennsylvania at No. 283 of January term, 1905, Eastern district, to wit, for the sum of $184,-839.69, with interest thereon from the 11th day of September, A. D. 1905, being the debt and interest, and for the further sum of $3,231.50, being one-half of the costs of said case in the lower court.