SYLVIA CROSS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed March 1, 1917.

1. An indictment charging one with the crime of assault with intent to commit murder and alleging that the assault was committed with a deadly weapon, embraces the charge of aggravated assault.

2. The rule is settled in this State that if a party wishes to avail himself of the omission of the court to charge the jury on any point in his case, he must request the court to give the instruction desired.

3. Upon a trial of one charged with the crime of assault with intent to commit murder, and the evidence is sufficient to support a verdict of assault with intent to commit murder in the second degree, the failure of the court to charge the jury *"mero motu"* upon a lower grade of crime is not reversible error.

4. In the trial of one charged with assault with intent to murder, a requested instruction in the following words is held to be correctly refused, where there is a full instruction upon the subject of a reasonable doubt, *viz.*: "If from the testimony given in the trial of this case you should find that there are two equally reasonable and credible theories, one consistent with the defendant's guilt, and the other consistent with the

defendant's innocence, it will be your duty as jurors to accept that construction of such testimony consistent with the defendant's innocence."

5. Evidence examined and found sufficient to support verdict.

Writ of Error to Circuit Court for Pinellas County; O. K. Reaves, Judge.

Judgment affirmed.

*Macfarlane & Chancey,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

ELLIS, J.—The plaintiff in error was indicted in the Circuit Court for Pinellas County for assault with intent to murder Annie Hart, and was convicted of assault with intent to murder in the second degree.

This case is not different from many others of like character which come to this court for review on writ of error, in that the evidence is conflicting, and the jury, whose sole province it is to pass judgment upon the credibility of the witnesses and the weight of the evidence, have found the facts to be sufficient to warrant a verdict of conviction.

The court in his charge to the jury omitted an instruction upon the law of aggravated assault, which under our statute is defined to be an assault upon another with a deadly weapon, not having a premeditated design to effect the death of the person assaulted. Section 3228 General Statutes of Florida, 1906, Florida Compiled Laws, 1914. This offense is embraced in the charge of assault with intent to commit a felony which is alleged

to have been committed with a deadly weapon, for which the plaintiff in error was indicted. Williams v. State, 41 Fla. 295, 26 South. Rep. 184; Lindsey v. State, 53 Fla. 56, 43 South. Rep. 87; Pittman v. State, 25 Fla. 648, 6 South. Rep. 437; Winburn v. State, 28 Fla. 339, 9 South. Rep. 694.

In view of the fact that the crime denounced by Section 3228 of the General Statutes of Florida was included in the indictment charging the defendant with an assault to commit murder, it would not have been improper for the court to have charged the jury upon the law of aggravated assault. The rule in this State has been settled by a long line of decisions, that "If a party wishes to avail himself of the omission of the court to charge the jury on any point in the case, he must ask the court to give the instruction desired; otherwise he will not be permitted to assign the omission as error." See Duggan v. State, 9 Fla. 516; Cato v. State, 9 Fla. 163; Long v. State, 11 Fla. 295; Irvin v. State, 19 Fla. 872; Sullivan v. State, 16 Fla. 564; Hicks v. State, 25 Fla. 535, 6 South. Rep. 441; Blount v. State, 30 Fla. 287, 11 South. Rep. 547; Rawlins v. State, 40 Fla. 155, 24 South. Rep. 65; Carr v. State, 45 Fla. 11, 34 South. Rep. 892; Lindsey v. State, 53 Fla. 56, 43 South. Rep. 87; Pugh v. State, 55 Fla. 150, 45 South. Rep. 1023.

In Johnson v. State, 53 Fla. 45, 43 South. Rep. 779, the court speaking through Mr. Justice COCKRELL used language indicating that there may be cases in which a duty is imposed on the court *mero motu* to instruct the jury as to what constitutes an aggravated assault. But in so far as it is contended that a failure to do so in such cases is reversible error, we think the above case is not authority, and does not so hold. In the case of Griffin v. State, 72 Fla. 79, 72 South. Rep. 474, this court

held as stated in the first head-note, that "Under an indictment for an assault with intent to commit murder, the defendant may be convicted of an assault with intent to commit manslaughter, and where the evidence adduced is sufficient to support such verdict, it is not reversible error for the trial court to refuse requested instructions based upon Section 3329 of the General Statutes of 1906 which relates to punishment for culpable negligence." The court also said that even if the jury under the indictment could have found the defendant guilty of culpable negligence, the evidence being sufficient to support a verdict for the crime of an assault with intent to commit manslaughter, the refusal of the requested instruction would not constitute reversible error.

It would be of no service whatever to discuss the evidence in this case. It merely shows that two negro women became enemies of each other through jealousy of a negro man who was so imprudent as to make a meeting between them possible. They met in his kitchen, one of them had a pistol, or very soon after the meeting procured it from a shelf where she had formerly placed it for purposes of "self defense," to use her own language, and proceeded to use it on the other, who seemed not to have been armed with even so much as a just cause. The testimony is variant and contradictory, but amply justifies the jury's finding. We find nothing in the evidence to show that the jury were influenced by any improper considerations in arriving at their verdict, and, therefore, there is no authority for disturbing it.

In the brief of counsel for plaintiff in error it is stated that at the conclusion of the charge to the jury the State Attorney called the court's attention to the fact that no charge had been given upon the law of aggravated assault, to which the court replied in the jury's presence

that he did not consider it necessary; and further that the defendant had not requested such a charge. We deem it proper to call counsel's attention to the fact that the bill of exceptions does' not show that such an incident occurred. It is referred to in the twenty-first ground of the motion for a new trial, but motions are not evidence of the facts recited in them. This disposes of the first, second, eighth, thirteenth and fourteenth assignments of error.

The seventh assignment of error is based upon the court's refusal to give charge numbered three, as requested by the defendant. The requested instruction is as follows: "If from the testimony given in the trial of this case you should find that there are two equally reasonable and credible theories, one consistent with the defendant's guilt, and the other consistent with the defendant's innocence, it will be your duty as jurors to accept that construction of such testimony consistent with the defendant's innocence." It is announced that the above quoted language enunciates a sound proposition of law, but counsel do not favor us·with a single case, nor a line from any text-writer in support of the propriety of such a charge in a case where the evidence is all direct. Even if it were just as reasonable to suppose that a witness, or several of them are untruthful, as to suppose that they are truthful, under our system the jury must at last determine which witness or set of witnesses have told the truth, and render their verdict accordingly. The requested instruction appears to be more specious than sound, and we cannot perceive what benefit it could have been to, the jury in aiding them to a correct discharge of their duties. The charge of the court was full and correct on the subject of a reasonable doubt. There was no error in the refusal of the requested instruction.

The judgment of the court is affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and WHITFIELD, JJ., concur.