HOLMAN LIVESTOCK COMPANY, COMPOSED OF MRS. O. M. HOLMAN, TRADING ALONE, FOR THE USE OF B. P. COACHMAN, *Plaintiff in Error,* v. LOUISVILLE & NASHVILLE RAILROAD COMPANY, A CORPORATION, *Defendant in Error.*

## Opinion Filed February 15, 1921.

1. The office of an instruction is to enlighten the jury upon questions of law pertinent to the issues of fact submitted to them in the trial of a case.

2. An instruction which tends to confuse rather than enlighten and which is calculated to and may have misled the jury and caused them to arrive at a conclusion that otherwise might not have been reached by them is ground for a reversal of the judgment.

3. The question of who are parties to an action or to whom the fruits of their verdict in plaintiff's favor may accrue is not a question for the jury's consideration.

4. If there is uncertainty about the identity of the plaintiff in an action that question should be determined by the court before proceeding with the trial of the case.

5. In a charge to the jury by the court plaintiff was referred to as "somebody has brought a suit" against the defendant, "just who it is I don't know from the pleadings," and later in the charge in referring to the plaintiff the court used the expressions "whoever is the plaintiff" and "whoever is suing." *Held*: that the natural tendency of this language was to confuse and mislead the jury and its use is ground for reversal of a judgment for defendant where the record shows that there was evidence before the jury which would have been a sufficient basis for a verdict for plaintiff.

A Writ of Error to the Circuit Court for Jackson County; C. L. Wilson, Judge.

Reversed.

*John H. Carter,* for Plaintiff in Error;

*Paul Carter,* for Defendant in Error.

WEST, J.—In an action for damages sustained because of the alleged injury to certain horses in carrying them for plaintiff by the defendant common carrier from a point in Illinois to Marianna, Florida, there was a verdict and judgment for defendant. Writ of error was taken to review this judgment. No error is predicated upon any question of pleading. Error is assigned upon the error of the court's order overruling the plaintiff's motion for a new trial.

The commencement of the amended declaration is in the following language: "The Holman Livestock Company, a concern composed of Mrs. O. M. Holman, trading under said name, for the use of B. P. Coachman, the plaintiff, sues the Louisville and Nashville Railroad Company, a corporation, the defendant," etc. Elsewhere in the proceeding the case is stated as B. P. Coachman, plaintiff, v. Louisville and Nashville Railroad Company, a corporation, defendant, and Holman Livestock Company, for the use of B. P. Coachman, v. Louisville and Nashville Railroad Company, a corporation, defendant.

By the fourth ground of his motion for a new trial plaintiff in error, who was plaintiff below, complains of prejudicial error in the following instruction to the jury: "Gentlemen of the Jury, somebody has brought a suit against the Louisville and Nashville Railroad Company, a corporation, just who it is I don't know from the pleadings, to recover damages for livestock alleged to have been killed and injured in transportation from East St. Louis, Illinois, to Marianna, Florida."

By the sixth ground the following instruction to the jury is alleged to be erroneous: "In order for the plaintiff to recover anything the plaintiff must prove by preponderance of evidence not only that he or she, or whoever is the plaintiff, shipped the livestock from East St. Louis as alleged in the declaration, but they must prove that it was injured either in transit or while it was in the custody, control and possession of the defendant company."

And by the seventh ground it is urged that the following instruction was error: "In considering the amount of damages, if you should find for plaintiff, you will consider the amount which they paid for the horses and

mules, or whatever they may be, at the shipping point, East St. Louis or National Stock Yards I believe, in Illinois, not the value of the property here, but you would be limited in the amount you would find to the actual value that they paid,—that Holman or Coachman, or Mrs. Holman, whoever is suing, at the place where the stock was shipped, together with the freight which they paid on it to this place, and the cost of feeding until they got it to this place."

The office of an instruction is to enlighten the jury upon questions of law pertinent to the issues of fact submitted to them in the trial of the case. And an instruction which tends to confuse rather than enlighten and which is calculated to and may have misled the jury and caused them to arrive at a conclusion that otherwise would not have been reached by them, is cause for reversal of the judgment. G. S. & F. Ry. Co. v. Hamilton Lbr. Co., 63 Fla. 150, 58 South. Rep. 838; Southern Pine Co. et al. v. Powell et al, 48 Fla. 154, 37 South. Rep. 570; Mayer Bros. v. Wilkins, 37 Fla. 244, 19 South. Rep. 632; Livingston v. Anderson, 30 Fla. 117, text 131, 11 South. Rep. 270; Meinhardt Bros. & Co. v. Mode, 25 Fla. 181, 5 South. Rep. 672, Chattanooga, Rome & Columbus R. R. Co. v. Owen, 90 Ga. 265, 15 S. E. Rep. 853; Birmingham Ry., etc., Co. v. Landrum, 153 Ala. 192, 45 South. Rep. 198, 127 Am. St. Rep. 25; Neff v. City of Cameron, 213 Mo. 350, 111, S. W. Rep. 1139, 127 Am. St. Rep. 606.

The question of who are parties to an action or to whom the fruits of their verdict in plaintiff's favor may accrue is not a question for the consideration of the jury. Those are matters with which they have nothing to do. If there was any uncertainty in the court's mind about the identity of the plaintiff that question should have

been determined before proceeding with the trial. If there was no such uncertainty the language employed in the instruction wherein the plaintiff is referred to as "somebody" who has "brought a suit" against the defendant, "just who it is I don't know from the pleadings," should not have been used. That the natural tendency and effect of this language must have been to confuse the jury is apparent and it is not unlikely that the jury's deliberations were infected with the uncertainty prevailing in the mind of the court as expressed in this instruction. From this instruction the jury may reasonably have said that since the court is unable to ascertain "from the pleadings" who the plaintiff is, we will not find for the plaintiff, because it may be that either Holman Livestock Company or Mrs. O. M. Holman is the plaintiff and neither of them is entitled to recover for the injury to horses, which the evidence shows were the property of Coachman, the real plaintiff, and being of the view that neither of these parties were entitled to the verdict, may have been induced to find for the defendant.

In what has been said we have referred more particularly to the first quoted instruction, but the other two are subject to the same criticism. In one of these the court speaks of "whoever is the plaintiff," and in the other of "Holman or Coachman or Mrs. Holman, whoever is suing." There is competent evidence in the record which might be made the basis for a verdict for the plaintiff. This being true, there is error in the charges sufficient in its effect under the rule hereinabove recited to vitiate the verdict and require a reversal of the judgment.

The following instruction is made the basis of the eighth ground of the motion for a new trial: "And when I say injured, I mean injured; I don't mean a little bunch

of hair knocked off here and there, I mean injury that would affect the usefulness and prices of the animals. If it is the mere knocking off of a little skin that would grow back, they would not be liable." Questions of fact are for the jury, and to charge the jury otherwise than "upon the law" of the case is error. Sec. 1496, Gen. Stats. of Florida 1906; idem Florida Compiled Laws, 1914; Florida Cent. & P. R. Co. v. Foxworth, 41 Fla. 1, 25 South. Rep. 338; Pinson v. State, 28 Fla. 735, 9 South. Rep. 706; Hanover Fire Ins. Co. v. Lewis, 28 Fla. 209, 10 South. Rep. 297; Baker v. Chatfield, 23 Fla. 540, 2 South. Rep.. 822; Ashmead v. Wilson, 22 Fla. 255; L. & N. R. R. Co. v. Yniestra, 21 Fla. 700; Ferguson v. Porter, 3 Fla. 27.

It can hardly be said as a matter of law that "a little bunch of hair knocked off here and there" or "knocking off a little skin that would grow back" is not such injury as would affect the value and price of an animal. As a matter of fact such injury may affect the value of the animal, and in view of the statute forbidding instructions other than upon the law of the case, we think this instruction should not have been given.

For the errors indicated the judgment is reversed.

Browne, C. J., and Taylor, Whitfield and Ellis, J. J., concur.