L. S. BLOCKER, *Plaintiff in Error*, v. THE STATE OF FLOR-
IDA, *Defendant in Error*.

Opinion Filed February 14, 1924.

This case was decided by Division B.

1. Where the defense of insanity is relied upon, the rule in force
in this State is, that if the evidence introduced tends to rebut
the presumption of sanity on the part of the accused, and the
jury entertain a reasonable doubt, after due consideration of
all the evidence, as to his sanity, it is their duty to acquit.
Armstrong v. State, 30 Fla. 170, 11 South. Rep. 618.

2. In passing upon a single instruction or charge, it should be
considered in connection with all the other instructions and
charges bearing on the same subject; and if, when thus con-
sidered, the law appears to have been fairly presented to the
jury, an assignment predicated upon the giving of such in-
struction or charge must fail, unless under all the peculiar
circumstances of the case the court is of the opinion that such
instruction or charge was calculated to confuse, mislead or
prejudice the jury. Davis v. State, 54 Fla. 34, 44 South. Rep.
757.

3. Where, upon a charge of murder, the defense of insanity is
relied upon, instructing the jury that insanity as a defense
for crime must be "satisfactorily established," or "estab-
lished by preponderance of evidence," places upon the de-
fendant a burden which the law does not impose and is
erroneous. And although a proper charge may be given on
the subject, the natural tendency of the several inconsistent
and repugnant charges is to confuse and mislead the jury to
the prejudice of the defendant.

A Writ of Error to the Circuit Court for Dade County;
C. L. Wilson, Judge.

*Bart A Riley*, for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant Attorney General, for the State.

WEST, J.—The defendant, plaintiff in error here, was indicted by a grand jury of Dade County for the crime of murder in the first degree. Upon trial he was found guilty of murder in the first degree with recommendation for mercy. He was adjudged guilty and condemned to life imprisonment. To review the judgment writ of error was taken from this court.

The defense interposed was insanity at the time of the alleged homicide.

The giving of each of the following instructions to the jury by the trial court is assigned as error:

"The court instructs the jury that mere weaknesses of intellect will not shield one who commits a crime, and in this case, although you may believe from the evidence that the defendant is mentally deficient in some degree, yet, unless you are reasonably satisfied by the evidence that, at the time the alleged crime is charged to have been committed by the defendant, his mental faculties were so weak and his mind so deficient that he was unconscious at the time of committing the act that it was wrong, and that he ought not to do it, and that he had not the ability or mental capacity to choose between right and wrong, then he cannot justify his acts, if he committed any, upon the grounds of insanity."

"The jury are instructed that the defense of insanity is one which may be, and sometimes is, resorted to in cases where the proof of the overt act is so full and complete that any other means of avoiding conviction and escaping punishment seems hopeless. Therefore, this is a defense to be weighed fully and justly, and, when satisfactorily es-

5—Vol. 87.

tablished, must recommend itself to the favorable consideration of the humanity and justice of the jury.''

''It is my duty to say to you, gentlemen, that against the defense of insanity the law entertains no prejudice. On the contrary, if it be established by a preponderance of evidence, the law accords to the accused the full benefit of it, and your duty will be to acquit him of all criminal responsibility by reason of his insanity, if you believe he was insane when the act was done. Insanity is a defense to be weighed fairly, fully and justly, and, when proved in the manner I shall state and explain to you, must recommend itself to the sense of humanity and the justice of the jury.''

''Sanity being the normal and usual condition of mankind the law presumes that every individual is in that condition, hence the State in a criminal prosecution may rest upon such presumption without further proof relative thereto. The fact of sanity is presumed to exist *prima facie* and whoever denies such fact or interposes a defense based upon its untruth must prove it. The burden of overcoming the presumption of sanity is upon the person who alleges insanity.''

''Where the defense of insanity is relied upon, the rule in force in this State is that if the evidence introduced tends to rebut the presumption of sanity on the part of the accused, and jury entertain a reasonable doubt after due consideration of all the evidence as to the sanity of the accused, it is their duty to acquit. In other words, if the evidence introduced by the State in a criminal prosecution does not of itself raise a reasonable doubt as to the sanity of the accused at the time when the crime was committed, then the law casts the burden upon the defendant of introducing evidence which would raise, or at least tend to raise in the minds of the jury a reasonable doubt as to the

sanity of the accused when the offense was committed. If such evidence is so introduced by the defendant, and a reasonable doubt as to his sanity is thereby raised or engendered, and the State introduces no evidence in rebuttal sufficient to overcome and remove such reasonable doubt so raised by the evidence of the defendant, then it is the duty of the jury to acquit for the cause of insanity.''

By request of counsel for the defendant the following charge is given:

''The law presumes every man to be sane, but, if in the course of a trial, evidence, no matter from what source, should raise a reasonable doubt in your minds as to the sanity of the accused, it is the duty of you gentlemen to give the defendant the benefit of that doubt and acquit him, unless the State should afterwards by proof convince you gentlemen beyond and to the exclusion of a reasonable doubt that the defendant was sane at the time of the commission of the homicide.''

The rule in this jurisdiction is that where from the evidence, whether adduced by the State or the accused, there arises in the mind of the jury a reasonable doubt of defendant's sanity at the time of the alleged criminal act, the presumption of sanity is overcome and he should be given the benefit of such doubt and acquitted. Armstrong v. State, 30 Fla. 170, 11 South. Rep. 618; Johnson v. State, 57 Fla. 18, 49 South. Rep. 40.

The several charges given on the subject of insanity are obviously repugnant and inconsistent. By one insanity, to be available as a defense for crime, must be ''satisfactorily established;'' by another it is to ''be established by preponderance of evidence;'' and by another, if reasonable doubt of defendant's sanity at the time of the criminal act is raised or engendered in the mind of the jury by the evidence, he should be given the benefit of such doubt and

acquitted.   Instructing the jury that insanity as a defense for crime must be satisfactorily established, or established by a preponderance of evidence is error.   Such instructions place upon the defendant a burden which the law does not impose.   The natural tendency and effect of the charges on this point were to confuse and mislead the jury to the prejudice of the defendant.   In a number of cases this court has held that such error requires a reversal of the judgment.   Land v. State, 44 Fla. 105, 32 South. Rep. 896; Danford v. State, 53 Fla. 4, 43 South. Rep. 593; Davis v. State, 54 Fla. 34, 44 South. Rep. 757; Holman Live Stock Co. v. L. & N. R. Co., 81 Fla. 194, 87 South. Rep. 750.   The murder was deliberate and unprovoked.   No other defense than mental irresponsibility at the time is suggested, but from the number and character of the witnesses testifying in the case in behalf of defendant, the good faith of this defense can not be questioned.

Consideration of other assignments of error is not required.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.