W. A. EDWARDS and W. J. SAYWARD, individuals doing business as Edwards and Sayward, *Plaintiff in Error,* vs. E. D. FITCHNER, *Defendant in Error.*

139 So. 585.

Division B.

Opinion filed January 12, 1932.

*Francis B. Winthrop* and *W. J. Oven,* of Tallahassee, for Plaintiffs in Error;

*Orion C. Parker* and *Robert Parker,* of Tallahassee, for Defendant in Error.

PER CURIAM.—Fitchner sued Edwards & Sayward on the common counts. The recovery sought was $2950.00 and the verdict of the jury was for that exact amount. The case was tried on pleadings relating to the original claim for $2950.00 by the plaintiff, and pleas of set off by which the defendants claimed counter damages to the extent of $4344.09. Motion for new trial was made and denied and defendants took writ of error.

In common law actions, our statutes permit, but do not require, the defendant to plead demands mutually existing between the parties at the commencement of the action, which may be proper subject of set off. See Section 4326 C. G. L., 2660 R. G. S. A set off when pleaded by defendants in a common law action, is therefore in legal effect the equivalent of a separate suit by defendant

against the plaintiff, for which defendant may have judgment and take out execution, if he prevails in his claim.

Reversal of plaintiff's judgment in the present case does not appear to be warranted by the record, which discloses no harmful error or insufficiency of proof for which a new trial would be required to be awarded, if no set off had been pleaded. The judgment follows the verdict for plaintiff which was for the exact amount for which plaintiff sued, irrespective of the set off, and under the ordinary rules prevailing here, that judgment should be affirmed.

But with respect to the defendant's claim of set off, it appears that error has been committed in denying defendant's motion for a new trial, and while we have been able to find no previous holding of this court with reference to such practice, we are inclined to the view that because our statutes merely permit, but do not require, defendants in common law actions to plead claims of set off, that such claims of set off when pleaded, are to be regarded as the legal equivalent of a separate suit by defendant against the plaintiff, with respect to which a new trial may be awarded without disturbing the verdict for plaintiff if it is otherwise legal and proper.

The effect of awarding a new trial with reference to the matter of set off alone will be to allow the verdict for plaintiff to stand on the original claim, and resubmit the cause to another jury to determine whether or not the set off pleaded is to be sustained, and if so, the amount of same which is to be allowed. Judgment would then be authorized for any balance which might be found to exist for or against the original plaintiff, taking into consideration the original verdict and the amount of set off which may have been found by the jury on a retrial of that issue.

In the case at bar the charge of the Court advised the jury that a plea of set off had been filed, but in some re-

spects was so confused and inconsistent as to have tended to mislead the jury, which it evidently did, because the jury appears to have completely disallowed any part of the set off, although there is evidence in the bill of exceptions which would have justified a verdict allowing some part, if not all, of defendant's claim. In this view of the case, we cannot say that the errors in the charge complained of were not harmful to the defendants with respect to their plea of set off, and therefore a new trial should be awarded as to the plea of set off, because of such erroneous charges.

The office of an instruction to the jury is to enlighten the jury upon questions of law pertinent to the issues of fact submitted to them in the trial of the cause and an instruction which tends to confuse rather than enlighten, is calculated to mislead the jury and cause them to arrive at a conclusion that otherwise might not have been reached by them, and is cause for reversal. G. S. & F. Ry. Co. vs. Hamilton Lumber Co., 63 Fla. 150, 58 Sou. Rep. 838; Holman Livestock Co. vs. L. & N. Ry. Co., 81 Fla. 194, 87 Sou. Rep. 750; F. E. C. Ry. Co. vs. Jones, 66 Fla. 51, 62 Sou. Rep. 898.

Charges should also be confined to the law of the case and should not be upon the facts. Southern Pine Co. vs. Powell, 48 Fla. 154, 37 Sou. Rep. 570. To discuss the charge given in detail would serve no useful purpose as it is not likely that upon a retrial of the set off issue, the same charge will be again given, in the form now complained of, and if any of said charges are merely incomplete as plaintiff in error contends, it will be the duty of defendant to submit appropriate charges and request them to be given to cover the point alleged to be not sufficiently covered in the general charge. Cross v. State, 73 Fla. 530, 74 Sou. Rep. 593; S. A. L. Ry. Co. vs. Scarborough, 52 Fla. 425, 42 Sou. Rep. 706.

For the errors pointed out, the judgment should be re-

versed and a new trial awarded as to the issue of set off, and it is so ordered.

Reversed for a new trial on issue of set off.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.

BROWN, J.—I do not think a plea of set off should be treated in all respects as a separate suit. If the set off is good, but is less than the amount due the plaintiff, the set off goes in reduction of plaintiff's judgment pro tanto, and plaintiff is only entitled to judgment for the difference. And where defendant's set off is good and is proven, and exceeds plaintiff's demand, defendant is entitled to judgment against plaintiff for such excess.

See 19 Encyc. of Pldg. & Prac., 807 et seq.