## FITCHNER v. AMERICAN SURETY CO. OF NEW YORK.

District Court, N. D. Florida.

Feb. 4, 1933.

Parker & Parker, of Tallahassee, Fla., for plaintiff.

William J. Oven and Francis B. Winthrop, both of Tallahassee, Fla., for defendant.

SHEPPARD, District Judge.

The question raised in this case is both unusual and unique and the dearth of authority on the subject justifies a written opinion.

This action is brought upon a supersedeas bond upon which the defendant is surety and which was given according to the Florida practice in a suit which Fitchner, the plaintiff, brought in the circuit court for Leon county, Fla., against Edwards & Sayward, a partnership, on the common counts for services rendered. Edwards & Sayward, the defendants, in addition to pleading the general issue, filed a plea of set-off for an amount exceeding Fitchner's claim against them, pursuant to section 4326, Comp. Gen. Laws Fla. 1927. The case on issue joined was tried to a jury; a verdict in favor of Fitchner and against Edwards & Sayward, in the sum of $2,950, and judgment entered thereon. From this judgment Edwards & Sayward took writ of error to the Supreme Court of Florida. In order to supersede the judgment, Edwards & Sayward executed and filed a supersedeas bond pursuant to and in conformity with section 4621, Comp. Gen. Laws Fla. 1927, in the sum of $4,000, conditioned, "To pay the amount of the judgment with interest and costs if the same *shall be affirmed* by the Appellate Court."

The Supreme Court of Florida, after reviewing the case, entered its opinion, holding that reversal of plaintiff's judgment would not be warranted if no set-off had been pleaded and that the judgment following the verdict for plaintiff should be affirmed; non constat the plea of set-off the trial court erred in denying the defendant's motion for new trial on account of errors in the charge to the jury upon the plea of set-off. The judgment of the lower court was accordingly reversed and a new trial awarded as to the issue of set-off, the court stating that the effect of its mandate would be "to allow the *verdict* for plaintiff to stand on the original claim, and resubmit the cause to another jury to determine whether or not defendant's claim of set-off could be sustained, and, if so, the amount of same which was to be allowed; that judgment would *then* be authorized for any balance which might be found to exist for or against the original plaintiff, taking into consideration the original verdict and the amount of set-off which might be found by the jury upon a retrial of that issue." See Edwards et al. v. Fitchner (Fla.) 139 So. 585, opinion filed January 12, 1932.

In due course a new trial was had in the circuit court for Leon county, Fla., on the issues of set-off made in said suit and a jury again returned a verdict for the plaintiff, Fitchner, whereupon final judgment was entered for the amount recovered in the first suit, to wit, $2,950.

Upon this last judgment Fitchner began this action in the circuit court against the defendant, the American Surety Company,

as surety on the supersedeas bond, claiming against the surety the amount of the judgment, to wit, $2,950, plus interest from December 5, 1929, and court costs in the sum of $14.42. This suit was removed to this court on jurisdictional grounds.

■ Whereupon plaintiff filed a motion to remand the cause to the state court on the ground that this court lacked jurisdiction, contending that the amount in controversy did not exceed $3,000 exclusive of interest and costs. Jurisdiction was retained upon the authority of Brown v. Webster, 156 U. S. 328, 15 S. Ct. 377, 39 L. Ed. 440, and Edwards v. Bates County, 163 U. S. 269, 16 S. Ct. 967, 41 L. Ed. 155, since it was immaterial that the amount claimed by plaintiff was composed of several elements, to wit, the amount of the judgment, interest thereon, and court costs, no one of which was in excess of $3,000, it appearing that the total exceeded this sum and the total amount was the principal demand in this suit, neither of the constituent elements being in the nature of an accessory demand. The bond sued upon is conditioned to pay all of them.

The defendant then demurred to plaintiff's declaration, contending that the obligation of the supersedeas bond was never matured, since the opinion of the Supreme Court of Florida, which was set out hæc verba, held that the judgment which the bond was given to supersede was reversed.

On considering this demurrer the court was of the opinion that since under the Florida practice when a plea of set-off is filed it is as if two cases with separate issues are before the court, that, upon appeal, two judgments rather than one are subjected to review and that a reversal of one would not effect an affirmance of the other. Entertaining this view, the demurrer was overruled on the fallacious ground that plaintiff's judgment had been affirmed. That ruling on the demurrer is now determined to have been error for the reasons following:

■ The defendant next filed pleas to the declaration which raise the same question, to which pleas the plaintiff has demurred. It is well settled that upon such a demurrer the entire record is searched, and if the declaration is bad the demurrer should be overruled and judgment given against the party who committed the first error. Manley v. Union Bank of Florida, 1 Fla. 110; Shelton v. Eisemann, 75 Fla. 644, 79 So. 75; Catts v. Henderson, 81 Fla. 138, 87 So. 313; Whitehill v. Western Union Telegraph Co. (C. C.) 136 F. 499, and U. S. v. Rogde (D. C.) 214 F. 283.

■ The question was more fully argued upon this second demurrer, and after more mature consideration the court feels impelled to hold that the opinion and mandate of the Supreme Court of Florida in Edwards et al. v. Fitchner, supra, had the effect of releasing the defendant of its obligation as surety on the supersedeas bond.

The statutes of Florida (section 4326, Comp. Gen. Laws 1927) permit, but do not require, the defendant in common-law actions to plead demands mutually existing between the parties at the commencement of the action which may be proper subject of set-off. The chief advantage to a defendant by availing himself of this privilege is to prevent the plaintiff, who has already begun his suit, from obtaining final judgment and having execution issue against the defendant until any demands which the defendant may have upon the plaintiff are disposed of. Such demands are disposed of in the same suit and upon a single judgment although the issues are kept distinct. In the last analysis the effect of the opinion of the Supreme Court of Florida in Edwards et al. v. Fitchner, supra, was to hold that the trial court committed error in entering final judgment against the defendant because of the error in its charge to the jury upon the defendant's plea of set-off; this was the judgment which the bond of defendant here was given to supersede, and this was the judgment which the Supreme Court of Florida reversed with instructions to allow the defendant a new trial upon that issue and then to enter a judgment based upon both verdicts. Such judgment was a new and different one and might possibly have been for a different amount although, as it happened, it was for the same amount. By such rationale only could the defendant receive the advantage of his plea of set-off to which he is entitled. The holding of the Supreme Court of Florida that there was no error in the verdict for plaintiff on his declaration may not be construed an affirmance of the judgment which would mature the obligation of defendant's bond, since this judgment was based as much upon the verdict against the plea of set-off as upon the verdict for the plaintiff on his declaration.

There were no cases cited by counsel ruling the identical question here raised, and none has been found by the court. However, cases involving a similar state of facts, and which throw some light upon the question, are Chase v. Ries, 10 Cal. 517; and Commonwealth of Pennsylvania v. Fidelity & D. Co. (C. C.) 180 F. 292.