Araxy Proodian, *et vir,* v. Plymouth Citrus Growers Association.

197 So. 540
Division A
Opinion Filed July 23, 1940
Rehearing Denied July 31, 1940

*George P. Garrett,* for Appellants;

*Maguire, Voorhis & Wells* and *H. M. Voorhis,* for Appellee.

THOMAS, J.—Appellants appealed from an order of the chancellor dismissing their bill of complaint to enjoin appellee "from setting up or maintaining such plea of set-off" in a certain common-law action between the same parties and "from electing to bring any action for the recovery" of a certain penalty.

In his opinion announcing that the motion would be granted the chancellor stated that "The bill utterly fails to show any right in Araxy Proodian (plaintiff-wife) as against the maintenance of the set-off in the common-law action, and on that account the motion to dismiss would have to be sustained, but it also fails to state a case for equitable relief for her husband."

It seems fitting to give first a resume of the pleadings in the common-law action as we understand them from copies attached as exhibits to the bill of complaint.

The plaintiff husband sued the Plymouth Citrus Growers Association alleging the right to recover certain money evidenced by a paper entitled "Retain of Growers Surplus Certificate." It was specified in this certificate that it represented "a pro rata equity" in the difference between the estimated and actual cost of the operation of the cooperative packing house of the association, defendant, the amount being reserved to cover the cost of the owning and operating of the plant. Provision was made in the instrument that any amount in excess of that needed for these purposes

could be used by the directors of the association to redeem, in order of their issuance, it and others of like import. It was charged that the directors determined to distribute a surplus and that plaintiff surrendered his certificate which was not paid.

Another count of the declaration was the same in substance. It was based on a like certificate showing an interest in a reserve fund from the operation of a fertilizer plant of the association, which the directors also decided to distribute. It was here alleged likewise that the certificate was surrendered and redemption was refused.

The defendant pleaded that the plaintiff had contracted with it to become a member of the association and to appoint it his agent to pick, haul, pack and market fruit grown by him for a period of ten years with the privilege of severing the relationship upon his giving certain notice; that he agreed not to dispose of his fruit to anyone else; that he violated this obligation, as well as by-laws of the association, by selling to another; that notice was given him of the charge that he had disobeyed the rules of the association and had ignored the terms of his contract and a day was appointed for him to appear and be heard; that he failed to comply and was expelled, thereby forfeiting his privileges as a member and his rights under the certificates.

A plea of set-off was filed founded on paragraph 12 of the contract where it was stipulated that the liquidated damages suffered by the association because of the failure of the grower to abide by it would be 50 cents for each box of fruit grown and not delivered as agreed. It was charged that the plaintiff produced more than seven thousand boxes of fruit and that he therefore owed the defendant approximately three thousand five hundred dollars.

Plaintiff's replication was that he did not promise as alleged.

It is urged by appellants that under the circumstances set out in the bill of complaint the defendant in the common-law suit had no right of action under the plea of set-off and no defense under the other pleas and much of their brief is devoted to merits of the claims of the respective parties under the contract, but it seems to us that the first barrier to be removed by them is the inadequacy of the, common-law court under our system of pleading to dispose fully of a controversy of which it already has jurisdiction.

The theory advanced in the three questions propounded by the appellants is that in the circumstances reflected in the bill, the chancellor should restrain the defendant from "setting up his plea of set-off in the common-law action after it had been attacked there unsuccessfully.

The sole point is the propriety of the pleas and it is presented by any appeal from an order denying an injunction to prevent interposition of them after they had been filed and entertained by the circuit judge. The idea is novel but not one to which we can subscribe.

Appellant has cited to us, as authority for his position, 14 R. C. L., page 425, where it is written that a plaintiff may be relieved in equity against a threatened defense on the ground that the pleader is estopped from asserting it but following this statement is the significant exception: " * * * where the remedy at law is not plain, adequate, and complete." The cases referred to as supporting the enunciation deal with the proposition of equitable estoppel. One of them is also cited in 32 C. J., at page 97 as authority for the rule given and quoted in appellants' brief that: "The jurisdiction of courts of equity in the matter of granting injunctions is very frequently exercised for the purpose of preventing a defendant in an action at law from setting up unconscionable and inequitable defenses." Then there is added: "But the putting in of a defense that would not be

sustained in a court of law will not be enjoined, as the remedy at law is adequate."

We are unable to find the inadequacy of remedy in the common-law action in which the pleas were filed. One of them, set-off, was "in legal effect the equivalent of a separate suit by defendant against the plaintiff" (Edward v. Fitchner, 104 Fla. 52, 139 South. Rep. 585) in answer to which the plaintiff could have by reply or rejoinder given facts which would have avoided "such plea, etc., upon equitable grounds." Sec. 4302 C. G. L. 1927.

In our statutes abundant provision may be found for presentation by plaintiff of any defenses to the plea of set-off available in the common-law action described in the bill of complaint so it cannot be said that the plaintiff therein was without remedy and had to resort to a court of equity to prevent unconscionable relief. It seems useless to observe that any rulings made therein are reviewable by writ of error from any unfavorable judgment eventually entered.

The identical principle dealt with here seems to have been involved in the case of Garrett v. Phillips, 101 Fla. 426, 134 South. Rep. 231, where an order denying an injunction against prosecution of a common-law action was upheld. The court found that: " * * * the law court was entirely competent to adjudicate the rights between the parties upon proper pleadings and issues being presented in that cause."

From our study of this controversy we are convinced that there is but one point to be determined, namely, the sufficiency of the machinery of the law court to adjudicate any defense the plaintiff may have to the plea of set-off and that the universal rule is that there should be no interference on the part of the equity court unless that machinery is found inadequate.

We must hold that a complete remedy was secured to the plaintiff there, appellant here, and that the practical effect

of a ruling in his favor would be the review by appeal from an order in chancery of the ruling of the trial judge on pleadings in a common-law action. Such procedure is not essential to the protection of the appellants' rights and is not a practice which we are inclined to sanction.

The order is affirmed.

TERRELL, C. J., and BUFORD, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.