ANNIE D. LUNGREN, APPELLANT, VS. M. A. BROWNLIE ET AL., APPELLEES.

1. It is error to enter a judgment on a verdict for the plaintiff in a suit. in ejectment that does not find the quantity of the estate of the plaintiff in the land sued for.

2. If the court assumes to charge the jury, it should do so upon the whole law applicable to the case ; but if the court omits to charge on any question of law involved in the case, the party in- jured thereby must call the attention of the court to the partic- ular point omitted, and request a charge thereon ; and if he fails, to do so, he cannot assign such omission as error.

Appeal from the Circuit Court for Volusia county.

The facts of the case are stated in the opinion.

*John W. Price* for Appellant.

No Counsel appeared for Appellees.

THE CHIEF JUSTICE delivered the opinion of the court:

M. A. Brownlie, Florence M. J. Groover and J. A. Groo- ver, her husband, brought suit in the Circuit Court of Vo- lusia county against Annie D. Lungren for the recovery of a tract of land lying in said county containing forty acres. The defendant pleaded not guilty. The plaintiffs introduced in evidence a patent to the land from the United States to Mitchel A. Brownlie, dated May 1st, 1855 ; also evidence to prove that said Mitchell A. Brownlie died in the year 1858 or 1859, and that the plaintiffs, M. A. Brownlie and Flor- ence M. J. Groover, were his heirs at law. Suit was institu- ted December 10, 1883. The evidence in the case showed that one Martin, in the year 1882 or 1853, cleared ten or twelve acres in one corner of the forty acre tract and fenced

the same. That he cultivated the portion cleared. That the fence remained around said cleared land until sometime about the year 1873. That during the latter part of the time other persons also cultivated it, but the evidence does not show by whose permission. That said Martin on the 2d of October, 1869, sold the forty acre tract to Henry G. Lungren. There was evidence also tending to show that Brownlie had sold and conveyed the land to Martin, but that the deed was lost. The witness testified that he had seen and inspected a deed from Brownlie to Martin in the year 1858, which was made several years previous to the land in question for a consideration of two hundred dollars, that said deed was in the hands of the Clerk of Volusia county for record, that before recording it the Clerk was arrested for robbing the mails of the United States and put in the penitentiary. That witness had searched the Clerk's office for it and had failed to find it.

The jury returned a verdict as follows: " We, the jury, find the defendant guilty of holding unlawfully the lands described in the declaration, to wit: the SW ¼ of NW ¼ of sec. 26, T. 15, south of R. 28, east, containing 39 56-100 acres, and that the plaintiffs are entitled to the recovery of the same."

This verdict cannot be sustained and the court erred in rendering a judgment thereon. It does not state the quantity of the estate of the plaintiffs in the land.

The Judge presiding did not charge the jury upon the *whole law of the case,* as he should have done. He omitted to charge the jury as to the legal effect the enclosure of the ten or twelve acres, taken in connection with the written instrument testified to by Price, had, under the 4th clause of sec. 6, p. 732, Mc's. Dig., upon the part of the land not enclosed, nor did the counsel for the appellant, after the failure of the Judge to so charge, request any instruction to

the jury. In such a case he will not be permitted to assign such omission as error. Cato vs. State, 9 Fla., 163.

The bill of exceptions does not disclose what connection. or relation the defendant, Annie D. Lungren, sustained to the Henry D. Lungren, described in the deed as the grantee of Martin. Counsel for appellant says in his brief that she is his executrix.

The record shows nothing on the subject.

Judgment reversed and new trial granted.