JOHN McDONALD, GEORGE COOPER, SIMON SYKES AND TOM JACKSON, *Plaintiffs in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. An abbreviation of a Christian name in an indictment does not constitute legal error where the use of the abbreviation for the full name has been so general and constant that the meaning of the abbreviation is universally understood and is a matter of general knowledge.    Courts will take judicial notice of the usual abbreviations of Christian names in common use.

2. Where a person is indicted by the name of "Jno" M., and the identity of the person who pleads to the indictment is not questioned, and the defendant uses upon the record the names Jno M. and John M. indifferently as his own, a verdict and judgment convicting him as "John" M. is not error, even though the verdict does not refer to the person found guilty as "the defendant."

3. Where M., J., C. and S. are jointly indicted for murder in the

first degree and the verdict finds M. guilty of murder in the first degree and J., C. and S. guilty of murder in the second degree, the verdict is responsive to the charge and it is not necessary that the words "the defendants" be used in the verdict.

4. While it is the duty of the court to charge the jury upon the law applicable to the evidence, the mere failure to charge the jury upon the law applicable to the evidence in one or more of its aspects, or as applicable to some portion of the evidence, will not in general be error in the absence of a proper request and exception to a refusal of such a charge.

5. Where the evidence does not call for a charge upon murder in the third degree, the mere failure to give such a charge is not error.

6. Charges of the court have reference to and should be considered in connection with the evidence in the case; and, where the venue is clearly proven as laid, it is not error to merely fail to refer to the venue in the charge to the jury, when no request for a charge upon the venue is made.

7. In a criminal prosecution when a premeditated design is an essential element of the offense charged, it is not ordinarily, in the absence of a proper request, incumbent upon the court to give to the jury a definition of the phrase "a premeditated design." It is presumed that the jury understood the meaning of "a premeditated design."

8. Where in an indictment one person is charged with an unlawful killing from a premeditated design to effect the death, and other persons are charged with being present, aiding and abetting in such unlawful killing from such premeditated design, all are charged with murder in the first degree, and it is within the province of the jury to find one or more of them guilty of murder in the second degree if the evidence justifies it.

This case was decided by Division A.

Writ of Error to the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the court.

*S. S. Sanford* and *L. W. Blanton,* for plaintiffs in Error;

*W. H. Ellis,* Attorney General, for the state.

WHITFIELD, J.—An indictment was filed in the circuit court for Taylor county, charging that Jno. McDonald, Tom Jackson, George Cooper and Simon Sykes on November 13th, 1906, in Taylor county, Florida, from a premeditated design to effect the death of Ed. Carrington, did with a loaded pistol held and discharged by Jno. McDonald, murder said Ed Carrington; and that the said Tom Jackson, George Cooper and Simon Sykes were then and there present unlawfully, and from a premeditated design to effect the death of the said Ed. Carrington aiding, abetting, comforting, procuring, hiring, encouraging and commanding the said Jno. McDonald, the murderer aforesaid in manner and form aforesaid to do and commit, so the said Jno. McDonald, Tom Jackson, George Cooper and Simon Sykes did commit the crime of murder in the first degree contrary to the laws of Florida.

Pleas of not guilty were entered by the defendants. The jury returned the following verdict: "We, the jury, find John McDonald guilty of murder in the first degree, and George Cooper and Simon Sykes and Tom Jackson, guilty of murder in the second degree. So say we all. J. D. Renfroe, foreman."

George Cooper, Simon Sykes and Tom Jackson were sentenced to life imprisonment in the state prison, and John McDonald was sentenced to be hanged. The four defendants took a joint writ of error.

It is contended that "John" McDonald, who is found guilty of murder in the first degree is not charged with any offense, since the indictment charges "Jno." McDonald with the murder. There is no merit in this point.

That "Jno." is generally and correctly used as an abbreviation, abridgement or contraction of the christian proper name "John" is shown by the standard authors and writers. See Webster's International Dictionary 1921; Fallow's Synonyms, abbreviations and contractions 498; Standard Dictionary of the English Language, abbreviations and contractions, page 2312.

An abbreviation of a name does not constitute legal error where its use for the full name has been so general and constant that the meaning of the abbreviation is universally understood and is a matter of general knowledge. Courts will take judicial notice of the usual abbreviations of christian names in common use. See 1 Enc. Pl. & Pr. 42, and authorities cited. Walter v. State, 105 Ind. 589, 5 N. E. Rep. 735; Stephen v. State, 11 Ga. 225; Fenton v. Perkins, 3 Mo. 106; Wilkerson v. State, 13 Mo. 91; Kemp v. McCormick, 1 Mont. 420; Johnson v. State, 51 Fla. 44, 40 South. Rep. 678; Thomas v. State, 49 Fla. 123, 38 South. Rep. 516.

When as in this case a person is indicted by the name of "Jno." McDonald for murder in the first degree and the identity of the person charged who pleads not guilty is not questioned and in his motion for new trial when the objection is first made the defendant uses upon the record the names Jno. McDonald and John McDonald indifferently as his own, if the verdict and judgment convict him as "John" McDonald, there is no error, even though the verdict does not refer to the person as "the defendant" or otherwise connect the name with the prosecution, except to find "John McDonald guilty of murder in the first degree."

The verdict is responsive to the charge, and taken in connection with the record is sufficient to sustain the sentences imposed upon the defendants.

There is a distinct finding of guilty of a specified crime as to each of the persons charged in the indict-

ment by their several names, and it was not essential that the words "the defendants" be used in the verdict.

While it is the duty of the court to charge the jury upon the law applicable to the evidence the mere failure to charge the jury upon the law applicable to the evidence in one or more of its aspects, or as applicable to some portion of the evidence, will not in general be error in the absence of a request to so charge and an exception to a refusal to so charge. See Johnson v. State, 53 Fla. 45, 43 South. Rep. 779; Lindsey v. State, 53 Fla. 56, 43 South. Rep. 87.

The court did not charge upon murder in the third degree, but the evidence does not call for such a charge and there was no request for an instruction upon murder in the third degree. Carr v. State, 45 Fla. 11, 34 South. Rep. 892.

The charges of the court have reference to and should be considered in connection with the evidence in the case; and where, as in this case, the venue is clearly proven as laid, it is not error to merely fail to refer to the venue in the charge to the jury, where no request for a charge upon the venue is made.

In a criminal prosecution where a premeditated design is an essential element of the offense, it is not ordinarily, in the absence of a proper request, incumbent upon the court to give to the jury a definition of the phrase "a premeditated design." It is presumed that the jury understand the meaning of "a premeditated design." Lovett v. State, 30 Fla. 142, 11 South. Rep. 550, 17 L. R. A. 705. See also Lewis v. State, decided at this term.

The court charged the jury, that before a conviction could be had the state must prove the guilt of the accused, and that if from the evidence, a reasonable doubt rests upon their minds of the guilt of the de-

fendants, or any one of them, the jury should acquit them, or either of them to whom such reasonable doubt applies. No other charges were requested as to the presumption of innocence of the defendants, and they cannot complain of an entire failure of the court to charge on this point in view of the charge given as above stated.

In this case the killing was not controverted, and the criticism that one of the charges assumed that a homicide had been committed and required the finding of a verdict for some degree of homicide is not well taken, since the charge distinctly required a finding by the jury, whether the defendants, or any of them participated in committing a homicide as charged, or were justifiable or excusable in their acts under the law as defined by the court. The evidence justified the charges given by the court.

The defendants were all charged with murder in the first degree, and it was within the province of the jury to find one or more of them guilty of murder in the second degree. Where one is charged with the act of unlawful killing from a premeditated design to effect the death of the person killed and the others are charged with being present, aiding and abetting in such unlawful killing from such premeditated design, all are charged with murder in the first degree.

There is evidence to sustain the verdict and it will not be disturbed.

The judgment is affirmed.

Shackleford, C. J., and Cockrell, J., concur;

Taylor, Hocker and Parkhill, JJ., concur in the opinion.