JACK CRUCE, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed March 23, 1922.

Where the evidence fully sustains a verdict of murder in the first degree charged to have been committed "unlawfully and from a premeditated design to effect the death of" the person killed, the mere omission of the word "design" from one of the charges given, is not in view of other charges given and upon a consideration of the whole record, harmful or reversible error.

Opinion Filed August 8, 1922, on Rehearing.

Headnotes by Mr. Justice Ellis, on rehearing.

1. Upon the trial of an indictment for murder in the first degree a charge given by the court to the jury, that if they should find from the evidence beyond a reasonable doubt "that the defendant unlawfully killed the deceased at the time and place and by the means charged in the indictment and that he did so from a *premeditated* on his part to effect the death of the deceased," is erroneous for the omission of the word "design."

2. It is not within the power of the court to set at naught the words of the statute defining the crime of murder and assert that one on trial for such crime is not denied a fair trial according to the forms and procedure of law when the offense with which the defendant is charged in the indictment is incorrectly defined by the court in an instruction to the jury.

3. The statute requires the charge in a capital case to be wholly in writing and it should be given to the jury literally as it is written.

A Writ of Error to the Circuit Court for Taylor County, M. F. Horne, Judge.

Reversed.

*W. P. Chavous* and *B. J. Hamrick,* for Plaintiff in Error.

*Rivers H. Buford,* Attorney General and *J. B. Gaines,* Assistant, for Defendant in Error.

WHITFIELD, J.—The indictment herein sufficiently charges murder in the first degree, alleged to have been

committed "unlawfully and from a premeditated design to effect the death of" the person killed, who was a man, and of course a human being, within the contemplation of the statutory definition of murder. Chap. 8470, Acts of 1921.

At the trial the court gave, among others, the following charges:

"8. If you find from the evidence beyond a reasonable doubt that the defendant unlawfully killed the deceased at the time and place and by the means charged in the indictment and that he did so of and from a premeditated on his part to effect the death of the deceased, then you should find him guilty of murder in the first degree, and this with or without recommendation to mercy as you may determine.

"9. If you find from the evidence in this case beyond a reasonable doubt that the defendant unlawfully at the time and place and by the means alleged in the indictment killed the deceased as alleged in the indictment and that such killing was perpetrated by an act imminently dangerous to another and evincing a depraved mind regardless of human life although without any premeditated design to effect the death of any particular individual then you should find the defendant guilty of murder in the second degree."

Though the defendant was convicted of murder in the first degree, the mere omission of the word "design" after the word "premeditated' in the 8th charge is not on the whole record harmful or reversible error.

The word "design" is a part of the statutory definition of murder in the first degree, but the law does not expressly require the trial judge to give the statutory definition in his charge to the jury. In the 8th charge the court refers to the legal result of a finding on the evidence as stated and uses the words "premediated on his part to effect the

death of the deceased," which reasonably should have conveyed to the minds of the jury the legal proposition that under the allegations of the indictment, premediation to effect the death of the deceased was essential to a finding of murder in the first degree, particularly when the next charge uses the words "premeditated design to effect the death" in differentiating murder in the second degree from murder in the first degree. The evidence so clearly establishes a homicide from a premeditated design to effect the death of the deceased that the jury could not have been misled by the mere omission of the word "design" from the 8th charge.

The charges relative to self defense have sufficient bases in the evidence and they are not erroneous as matter of law.

As the evidence independently of the dying declaration amply supports the verdict, and no material errors of law or of procedure appear by the transcript, the judgment should be and is affirmed.

ELLIS AND WEST, J. J., concur.

BROWNE, C. J., Dissenting.

I cannot concur in the decision in this case.

Jack Cruce, the plaintiff in error is under sentence of death.

The omission of the word "design" in the eighth instruction makes it meaningless.

It begs the question to hold that the jury could supply the word "design." If that is so, the word "premeditated" could also be left out and the jury could supply it.

. By the same reasoning, the entire charge on "premedi-

tated design'' might be omitted, and no error be committed, upon the doctrine that the jurors knew that a premeditated design to effect the death of the deceased, is necessary to be established before they could find a verdict of guilty in the first degree. This doctrine could be so extended as to do away with instructions altogether.

Human life is too dear and too sacred to be taken lightly. Courts should show a scrupulous regard for human life, and teach by example that it must not be lightly taken.

I think at least two serious reversible errors were committed, in that;

(1) The court failed to instruct the jury that to constitute murder from a premeditated design on his part to effect the death of the deceased.

(2) Alleged dying declarations were admitted in evidence in violation of the principle under which such declarations are allowed to be introduced. This was highly prejudicial on the trial of a person for murder, and might easily have been the controlling factor in the verdict of guilty rendered by the jury.

Even if we should consider that there was evidence upon which we as jurors would have found a verdict of guilty, we cannot say that without this testimony, and with a proper instruction on the question of premeditated design, that the jury would have so found.

TAYLOR, J. concurs.

### On Rehearing.

PER CURIAM.—A petition for rehearing was granted in this case because the court desired a fuller discussion upon the effect of the omission of the word "design" from the charge of the court defining the crime of murder in the first degree. The jury was directed to find the defendant guilty of murder in the first degree if they should find from the evidence beyond a reasonable doubt that the "defendant unlawfully killed the deceased at the time and place and by the means charged in the indictment and that he did so of and from a *premeditated* on his part to effect the death of the deceased." The word "design" which should have immediately followed the word "premeditated" in the charge was omitted.

Presumably the charge was given literally as it was written. The statute requires the charge in a capital case to be wholly in writing and this court in Morrison v. State, 42 Fla. 149, 28 South. Rep. 97, said the correct rule is "it should be given literally as it is written."

It appears from the record that the defendant duly excepted to the giving of the charge quoted. There is no other instruction in the record defining murder in the first degree. Design or intent to effect the death of the person killed or some other person is an essential element in the crime of murder as defined by the statute. And while the word "design" seems to be a necessary concomitant of the word "premeditated" as used in the instruction so that the latter word can not be pronounced without suggesting the former, one can hardly think of the act of premeditation without also thinking of intention or design as related to it, yet it is not for the court to set at naught the words of the statute and assert that one on trial for the capital crime

of murder is not denied a fair trial according to the forms and procedure of law when the offense with which he is charged in the indictment is incorrectly defined by the court in an instruction to the jury.

The case should be reversed on the authority of Morrison v. State, *supra*.

The judgment is reversed.

BROWNE ,C. J., AND TAYLOR AND ELLIS, J. J., concur.

WHITFIELD AND WEST, J. J., dissent.

WEST, J., dissenting.

Substantial rights of citizens should not be whittled away. The tendency even of such process should be guarded against. The priceless privilege of an orderly trial in accordance with law should not be impaired by resorting to inferences of implications that mandatory, statutory provisions have been complied with when the record indicates the reverse. Considerations such as these have led to a reversal of this case. I fully agree to the imperative necessity for the faithful observance of these vital principles if the integrity of our judicial system is to endure, but it seems to me that the facts as shown by the record in this case do not present a demand for their invocation.

Murder in this State is a statutory offense. An essential element of murder in the first degree (not committed in the perpetration of or in the attempt to perpetrate any arson. rape, robbery or burglary) is "premeditated design" upon the part of the slayer to effect the death of the person killed or of any human being. It is a capital offense. (Chap.

8470, Acts of 1921, Laws of Florida). In capital cases the charge of the trial court to the jury "shall be wholly in writing and upon the law of the case only." (Sec. 6092, Rev. Gen. Stats. of Fla.)

The charge now held to be fatally defective is set out in the original opinion. In charging upon the legal effect of the evidence the court instructed the jury that if they found from the evidence beyond a reasonable doubt that the defendant unlawfully killed the deceased as charged "and that he did so of and from a premeditated on his part to effect the death of the deceased that he should be found guilty of murder in the first degree." The alleged defect is the omission of the word "design" after the word "premeditated" in this charge. In the next paragraph, following in orderly sequence, the term "premeditated design" is employed, and my view of the case is that a jury of fair intelligence would not have been misled by the omission. The word "design," or its equivalent, is so clearly implied from the context that it would naturally be supplied and can, therefore, hardly be said to have been in fact omitted from the written charge.

In Cromwell v. State, 59 Tex. Cr. Rep. 525, 129 S. W. Rep. 622, the Court of Criminal Appeals of Texas considered the following charge given by the trial judge, alleged to be defective because of the omission of the word "doubt;" "The defendant is presumed by law to be innocent, until his guilt is established by legal and competent evidence to your satisfaction beyond a reasonable . . . . . This reasonable doubt extends to every phase of the case; and if you have a reasonable . . . . of the guilt of the defendant, you will give him the benefit of such doubt, and acquit him." The court said: "It is insisted that the omission of the word 'doubt' following 'reasonable' renders the charge

of the court unintelligible and ambiguous, and that the same was practically a refusal on the part of the court below to give in charge to the jury the doctrine of reasonable doubt that must be given in all criminal cases. We have carefully considered this question, and have come to the conclusion that there is no merit in appellant's contention. If a word should be omitted that changed the whole meaning of the sentence it might be just ground of complaint, but where the mind would necessarily supply a word in connection with the whole sentence it cannot be considered such an error as ought to receive consideration.''

In Hester v. State, 55 Tex. Cr. Rep. 374, 116 S. W. Rep. 1150, the charge alleged to be fatally defective is in the following language: ''You are instructed that the laws of our state presume a man to be innocent until his guilt is established beyond a reasonable by legal evidence.'' In considering this point the court said: ''We think the omission is such a one as in the nature of things would have been supplied by any jury of ordinary intelligence, and, in view of the statement of the court, that he in fact read the charge as if the word 'doubt' had been in it, we do not think appellant was injured by this omission.''

In the case of Green v. State, 52 Tex. Cr. Rep. 44, 105 S. W. Rep. 205, the following charge was given by the trial judge: ''If you believe from the evidence beyond a reasonable doubt that the defendant, with the intent to kill, struck the said Dennis Ore with a piece of wood, and thereby killed him, but at the time of so doing the said Dennis Ore had made an attack on him, but you find that the said defendant was not justified in so doing on the grounds of self-defense as that law is given to you in this charge, but you believe that such attack of said Ore on defendant

under all the facts and circumstances in evidence in this case would commonly have produced a degree of anger, rage, resentment, or terror in a person of ordinary temper sufficient to render the .......... incapable of cool reflection, then such attack would be adequate cause to reduce the killing to the grade of man-slaughter.'' The giving of the charge was assigned as error.    In considering the point the appellate court said: ''Appellant insists that the omission of the word 'mind' in the above blank renders the charge unintelligible.    We do not think the jury could possibly have been misled by this charge.    Evidently, in reading the charge, the learned trial court read the word 'mind' in the blank complained of, and whether he did or did not, the mind of any juror would instinctively, in the light of the context, insert the word 'mind,' knowing that it was the sheerest inadvertence that omitted the word.''

In a certificate sent to this court by the trial judge he states ''that in reading said charges to the Jury as required by law, said paragraph of said charge was read and pronounced to the jury as if the said word 'design' was there and I read and used the word 'design' immediately after the word 'premeditated' as contained in said charge and paragraph.    That by inadvertence I overlooked the fact that the word 'design' was not in the said charge as typewritten that this was by reason of inadvertence and the force of habit in using the word 'design' immediately after the word 'premeditated' in that connection.''  But this certificate was made many weeks after the bill of exceptions had been settled and signed.  If it is an amendment to the bill of exceptions that cannot be considered (Exporters of Mfgrs. Products v. Butterworth-Judson Co., U. S. Adv. Ops., May 15, 1922, p. 392) it can, however, be looked to for confirmation of the soundness of the process which leads

to the conclusion prompting me to dissent from the opinion of the court reversing the judgment.

WHITFIELD, J., concurs in this dissent.