JAMES McKENNA v. STATE.

161 So. 561.

Division B.

Opinion Filed December 28, 1934.

Petition for Rehearing Granted January 25, 1935.

On Rehearing April 16, 1935.

Further Rehearing Denied June 5, 1935.

*Noah B. Butt,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—Writ of error here is to review judgment of conviction of general larceny. The subject of larceny alleged was forty boxes of grapefruit of the value of $54.00. The amount and value of the fruit, together with its felonious asportation by the accused, was sufficiently established by substantial proof.

It is contended that one may not be prosecuted for grand larceny of grapefruit which he has stolen from trees because it is not the subject of larceny. This contention is not tenable. See Summerlin v. Orange Shores, Inc., 97 Fla. 996, 122 Sou. 508, where we held such fruits of trees to be chattels. Also see Curington v. State, 80 Fla. 494, 86 So. 344.

It is also contended that the provisions of Section 5266 R. G. S., 7385 C. G. L., precludes the prosecution for the offense of grand larceny where the facts are as those presented here. That section is designed to denounce and publish the severing of fruit and crops from the freehold as a trespass, but it was never intended to be used as a shield from prosecution for larceny where the facts warrant such prosecution.

Accused was indicted at the Spring Term of the Circuit Court of Brevard County; was arraigned and plead "not guilty." Then, on motion of accused, the case was continued until the next term of the court. At that term of the court accused filed a motion to be allowed to withdraw his plea in bar and to file a plea in abatement. He tendered his proposed plea in abatement. The plea did not allege sufficient facts to constitute a good plea even if it had been timely filed. A plea in abatement must be filed before the entry of a plea in bar. Lake v. State, 100 Fla. 373, 129 Sou. 827. In 8 R. C. L. 113, it is said:

"Where a defendant desires to take advantage of irregularities occurring before arraignment he should specially plead them in abatement of the proceeding. Defects in the indictment are thus to be taken advantage of, as, for instance, that it is not signed by the foreman of the grand jury. This plea is proper in the case of irregularities not apparent of record as well as in those that are so apparent,

and it is sometimes provided by statute that when extrinsic facts are relied on they must be supported by proof of the truth thereof by affidavit or other evidence. As to the time of pleading, such a plea must always precede the plea of not guilty, because a plea of not guilty waives all precedent irregularities."

Other assignments of error have been examined and we find no reversible error.

Judgment affirmed.

DAVIS, C. J., and WHITFIELD and TERRELL, J. J., concur.

### ON REHEARING.

PER CURIAM.—Rehearing was granted in this case after opinion filed for consideration of the single question as to whether or not the failure of the trial court to charge the jury concerning the law of the presumption of innocence without there being a special request for such charge constitutes reversible error.

The rule is thoroughly established both in the United States and Great Britain that one charged with a criminal offense is in law presumed to be innocent and that presumption obtains in favor of the accused throughout every stage of the trial until his guilt has been proven to the exclusion of every reasonable doubt. This presumption of law should be explained to every jury impaneled to try a criminal case, and if a charge to that effect is requested by the defendant and refused by the court such refusal would constitute reversible error.

In the case of McDonald, et al. v. State of Florida, 55 Fla. 134, 46 Sou. 176, which opinion was rendered in 1908 this Court, speaking through Mr. Justice Whitfield, said:

"The court charged the jury that before a conviction could be had the State must prove the guilt of the accused, and that if from the evidence, a reasonable doubt rests upon their minds of the guilt of the defendants, or any one of

them, the jury should acquit them, or either of them to whom such reasonable doubt applies. No other charges were requested as to the presumption of innocence of the defendants, and they cannot complain of an entire failure of the court to charge on this point in view of the charge given as above stated."

It has been repeatedly held in this jurisdiction that "Error can, not be assigned upon the judge's failure to charge upon any question of law unless the party desiring it shall have requested the desired instruction." See Carter v. Bennett, 4 Fla. 283; Cato v. State, 9 Fla. 163; Reed v. State, 16 Fla. 564; Lungren v. Brownlie, 22 Fla. 491; Blount v. State, 30 Fla. 287, 11 So. 547; Carr v. State, 45 Fla. 11, 34 Sou. 892; Lindsey v. State, 53 Fla. 56, 43 So. 87; Pugh v. State, 55 Fla. 150, 45 So. 1023; Key West v. Baldwin, 69 Fla. 136, 67 So. 808; Herndon v. State, 73 Fla. 451, 74 So. 511; Cross v. State, 73 Fla. 530, 74 So. 593; Hobbs v. State, 77 Fla. 228, 81 So. 444; Witt v. State, 80 Fla. 38, 85 So. 249; Cason v. State, 86 Fla. 276, 97 So. 720; Stanley v. State, 93 Fla. 372, 112 So. 73; Peninsular Naval Stores v. Mathers, 96 Fla. 620, 119 So. 333." See also Miller v. State, 76 Fla. 581, 80 Sou. 314; and Merchants Transportation Co. v. Daniel, 109 Fla. 447, 147 Sou. 897.

In the instant case the court charged the jury amongst other things, as follows:

"To the indictment the defendant has plead not guilty and this plea of the defendant imposes the burden and duty upon the state of proving to your satisfaction, by competent evidence, beyond all reasonable doubt, all material elements of the offense charged in said indictment, and the guilt of the defendant, before you would be warranted or authorized in convicting him of such offense."

And also:

"I further charge you that if you believe from the evidence in this case, and beyond all reasonable doubt, that the defendant, James McKenna, on the 16th day of February, A. D. 1933, or at any other time within two years prior to the finding of the indictment herein, in Brevard County, Florida, unlawfully and feloniously forty (40) boxes of grapefruit of the value of $54.00, a more particular description of which is to the grand jurors unknown, of the goods, chattels, and property of one R. C. Black, then and there being found did feloniously and unlawfully steal, take and carry away as charged in the indictment herein, it will be your duty to find the defendant guilty as charged; if you do not so believe, if you have a reasonable doubt about it, you will find the defendant not guilty."

The record shows no request for any additional charge with reference to presumption of innocence or the burden of proof. Exception noted concerning the charge was "Exception noted for defendant as to each of the foregoing charges."

For the reasons above stated, and as it does not appear from the record that there was an exception to the failure of the court to charge the jury in regard to the legal principle of presumption of innocence in favor of the defendant, we cannot say that his omission to do so constituted reversible error without departing from the established rule which appears to have existed in this State since the filing of opinion in the case of McDonald, et al., versus State, *supra*. But an examination of that part of the charge last above quoted reveals the fact that the court in effect charged the jury that they must convict the defendant, James McKenna, of the offense of grand larceny or else find him not guilty. Under the indictment, the jury could have found

the defendant guilty of either grand larceny or petit larceny to be determined upon the value of the property as shown by the evidence. The evidence as to the value of the property was unsatisfactory and conflicting. There was substantial evidence to show that the value of the property involved was less than $50.00; also, there was some evidence to show that the value was of more than $50.00. Under this state of facts, the defendant was entitled to have the court *sua sponte* that if the jury believed the defendant was guilty of larceny then it would be their duty to determine the value of the property stolen and if from the evidence, or lack of evidence, there was a reasonable doubt in the minds of the jury as to whether the value of the property was $50.00 or more, then they should find the defendant guilty of the lesser offense of petit larceny, if the jury was convinced beyond a reasonable doubt that the defendant was guilty of larceny of the property as alleged in the indictment of some value.

When we consider all these elements together, the fact that the court did not charge on the presumption of innocence in favor of the defendant as a matter of law, that the proof of the value of the property alleged to have been stolen was extremely conflicting and unsatisfactory and the court failed to charge the jury that they could convict the defendant under the indictment of either grand or petit larceny, if the proof warranted either of such convictions, and that if there was a reasonable doubt only as to whether the value of the property was more than $50.00 or less than $50.00, that the defendant would be entitled to the benefit of such doubt and they should in such case convict him of the lesser offense, the judgment should be reversed and the cause remanded for a new trial.

It is so ordered.

582

WHITFIELD, C. J., and BROWN and BUFORD, J. J., concur.

ELLIS, and DAVIS, J. J., concur specially.

TERRELL, J., agrees to the conclusion.

ELLIS, P. J. (concurring).—The rule does not obtain in this State that the presumption of innocence in favor of an accused person on trial for a criminal offense is to be considered as evidence. While it abides with him throughout the trial it merely determines the burden of proof. When the jury come to deliberate upon their verdict, they weigh no presumption—they weigh the evidence and evidence only.

The presumption of innocence requires the State to proceed with the evidence and establish guilt beyond a reasonable doubt. The question of guilt is one purely of proof. Assuming that the presumption has the force and effect of a *prima facie* case and temporarily relieves the accused from going forward with the evidence, that is its sole office and effect. If nothing further is adduced it merely settles the case in favor of the party for whom it works and when the other party has gone forward with his evidence and the *prima facie* case is overcome the presumption is spent.

The idea that the presumption of innocence is of the nature of evidence proceeds, as Professor Thayer said in his lecture on the Presumption of Innocence, from a *loose* habit of speech.

In the case of Coffin v. United States, 156 U. S. 432, 39 L. Ed. 481, 15 Sup. Ct. Rep. 394, Mr. Justice White said that the presumption was evidence in favor of the accused, but in the case of Agnew v. United States, 165 U. S. 36, 41 L. Ed. 624, 17 Sup. Ct. Rep. 235, the court held that a trial court properly refused to charge a jury that the presumption of innocence is evidence in favor of the accused. For an excellent discussion of the subject see Culpepper

v. State, 4 Oklahoma Crim. Rep. 103, 111 Pac. Rep. 679; 8 R. C. L. 174.

TERRELL and BROWN, J. J., concur.

DAVIS, J. (concurring specially).—I realize quite well that in this State the rule has been handed down without qualification from judge to judge, year after year, to the general effect that no judgment will be reversed in this Court because of the failure of a trial judge to give a particular charge to the jury, unless the substance of the charge omitted was specifically requested to be given, was refused, and proper exception taken to such refusal *at the time thereof.*

But this rule, like many other rules that we have ofttimes "parroted" without qualification, is subject to the limitation of that broader and more general rule of appellate practice to the effect that *fundamental* error on the face of the record in a case brought to this Court on appeal or writ of error, can and will be noticed, and the judgment or decree reversed therefor (although no exception was taken to it in the lower court) where such *fundamental* error is subsequently called to the appellate court's attention and clearly demonstrates that the trial court departed from the essential requirements of the law in the particulars complained of, whether its action was originally complained of as error in the court below or not. Demeter Land Co. v. Florida Public Service Corp. 99 Fla. 954, 128 Sou. Rep. 402; Hoodless v. Jernigan, 46 Fla. 213, 35 Sou. Rep. 566; Parker v. Dekle, 46 Fla. 452, 35 Sou. Rep. 4; East Coast Stores v. Cuthbert, 101 Fla. 25, 133 Sou. Rep. 863; Bynum v. State, 76 Fla. 618, 80 Sou. Rep. 572; White v. Crandall, 105 Fla. 70, 137 Sou. Rep. 272; Cunn v. State, 78 Fla. 599, 83 Sou. Rep. 511; O'Steen v. State, 92 Fla. 1062 (text 1066, 1075), 111 Sou. Rep. 725; Gober v. Braddock, 100

Fla. 1406, 131 Sou. Rep. 407; McNally v. State, *ex rel*
Bond Realization Corp., 112 Fla. 434, 150 Sou. Rep. 751;
City of Clearwater v. State, *ex rel*. United Mutual Life
Ins. Co., 108 Fla. 623, 147 Sou. Rep. 459.

I think the failure of a trial judge to instruct a trial jury
that the defendant in a criminal prosecution is presumed to
be innocent and that such presumption continues and abides
with him throughout every stage of the trial until overcome
by competent evidence sufficient to establish his guilt to the
exclusion of every reasonable doubt, is a *fundamental* error
that amounts to a departure from the essential requirements
of a fair and impartial trial such as is required by the State
and Federal Constitutions, and renders the resultant judg-
ment subject to reversal therefor, even though the point
is not raised until the case is presented in an appellate court.

It is undoubtedly true that persons being tried on accu-
sations of crime are entitled to learned counsel to see to it
that they obtain a fair and impartial jury trial. But I do
not understand it to be the law that *fundamental* require-
ments of a legal trial can be disregarded by a trial judge
merely because he perceives that the accused on trial has
no hired counsel present to lay the technical predicate for
reversing his judgment by means of a purely formal in-
sistence on a constitutionally fair and impartial trial con-
ducted *according to the essential requirements of the law.*
An accused without any learned counsel present to advise
him would not be cognizant of the technical necessity of
requesting specific charges on *fundamental* considerations
that no trial judge under *any* circumstances, in *any* criminal
trial in *any* of the courts of America, is entitled to omit by
design, or to ignore through inattention, if the essential re-
quirements of law that must govern the accord to the ac-
cused of his constitutional right to a trial by jury are to

mean anything more than a discardable formalism in American jurisprudence.

It is not enough to say that because the court has charged the jury that the defendant must be proved guilty beyond a reasonable doubt, that the failure of the judge to charge on the presumption of his innocence becomes harmless error. A jury starting from a presumption of guilt from the fact that the defendant's indictment, could readily reach the conclusion that the defendant had been proved guilty beyond a reasonable doubt because of his failure to advance affirmative proof of his innocence, whereas starting from a presumption of innocence would lead to no such result.

The presumption of innocence of the defendant on trial is the starting point from which every trial jury must begin their consideration of whether or not the defendant has been shown by the prosecution to be guilty beyond a reasonable doubt.

A charge on the subject of reasonable doubt alone is therefore incomplete and misleading unless the jury is further instructed in connection with it, that any reasonable doubt on their part must take into consideration an original presumption of the defendant's innocence as opposed to any conclusion of guilt to be drawn from the State's evidence. Otherwise the jury would be left with the privilege of concluding beyond a reasonable doubt that the defendant must be guilty because a grand jury has indicted him on the basis of testimony adduced before it, or because, the defendant has failed to rebut evidence tending to show guilt by affirmative evidence of his innocence offered at his trial. Would the last named method of procedure on the jury's part be an adherence to the essential requirements of constitutional jury trial?

I think it is the inescapable duty of a trial judge in a

criminal case to instruct the jury as to the essential and indispensable rules of law which must govern the jury's disposition of the cause, whether he is requested to do so or not, and that a failure to do so constitutes a denial of a fair trial and is therefore fundamental error. Compare: Young v. State, 74 Neb. 346, 104 N. W. Rep. 867, 2 L. R. A. (N. S.) 66.

Our own case of MacDonald v. State, 55 Fla. 134, Sou. Rep. 176, is relied on as being to the contrary, but that decision simply holds (as the fourth headnote clearly demonstrates) that the *mere* failure to charge the jury on the law "applicable to the evidence" in "one or more of its aspects," or as applicable "to some portion of the evidence," will not in general be error in the absence of a proper request and exception to a refusal of such a charge. The law of that case is stated in the headnote referred to, in the light of such headnote what is stated in the body of the opinion must be interposed.

Certainly it cannot be argued with any degree of force or conviction that a failure to charge the jury that the accused in a criminal case starts out with a presumption of innocence in his favor, is a *mere* failure to charge the jury upon the law applicable *to the evidence* "in one or more of its aspects," or is a *mere* failure to charge on the law applicable to some portion *of the evidence.*

On the contrary, it is a *complete* failure to charge upon an essential requirement of the law pertaining *to the trial itself* that must enter into and constitute an indispensable element of every constitutionally guaranteed trial by jury in every criminal case. If this were not so, could not the Legislature in effect thwart the benefit of a trial by jury by simply enacting a statute to the effect that no accused person being tried for crime, or for certain classes of crime,

shall ever be presumed to be innocent, and forbidding any trial judge to so charge any trial jury, thereby leaving it to each separate jury to adopt and follow its own vicarious method of determining the guilt of the accused, without reference to giving him the protection of his presumption of innocence as a starting point from which to have the trial jury proceed with its consideration and weighing of the evidence against him?

My view on rehearing is that inasmuch as we overlooked a fundamental error in the record when we heretofore affirmed the conviction of plaintiff in error in this case, that we should now correct that oversight by reversing the judgment for a new trial because of the failure of the trial judge to charge the jury on the presumption of innocence of the accused. This Court has reversed cases in the past for less objectionable omissions in instructions to jury as in criminal cases. See Cruce v. State, 84 Fla. 191, 93 So. 134.

I make no contention to the effect that the presumption of innocence is in the nature of evidence, and on this point I am in perfect agreement with the view holding that the presumption of innocence in favor of an accused is *not* evidence in favor of the accused.

On the contrary, it is for the very reason that the presumption of innocence is *not* evidence in favor of the accused, but is a rule of law controlling the jury's consideration and weighing of the evidence and so amounts to an essential requirement of the law pertaining to and constituting a part of the right to a trial as much so as does the rule fixing the burden of proof beyond a reasonable doubt as the criterion for what the state must prove. Therefore I do not think it can ever be dispensed with in a criminal trial, whether by inadvertence or by design, without effectually destroying an essential requirement of law that enters into

588.

and becomes under the constitution of this state, a part of the constitutional *right* to a trial by jury itself.

If what I say is not the law on this subject, then the Legislature may during some period of public unrest, and without violating the fundamentals of right of trial by jury, provide by statute that no accused person shall be presumed to be innocent, but that in every case he shall be presumed to be guilty. It could also by the same process of reasoning provide by statute that an accused should prove his innocence beyond a reasonable doubt and that this would be no violation of the constitutional right of trial by jury so long as an actual jury was empannelled and present in the jury box. I think the right of trial by jury comprehends the right to have a jury consider and weigh the evidence according to the traditional essential requirements of law pertaining to jury trials. So beileving I express the foregoing views on the subject.