MATHEWS, Justice.
The appellants appealed from a conviction on an information charging grand larceny of 127 boxes of oranges. , f
The appellants claim they were not properly charged with the offense of grand larceny but should have been charged instead with the taking of fruitifrom a citrus grove. It is apparent that the contention is that the charge should have been brought under F. S. Section 821.12, F.S.A. This section relates to trespass and particularly to farms, gardens, orchards, orange or lemon groves, and makes it a crime for anyone to take and carry away from such property, or who destroys any farm products, vegetables, fruits or flowers, corn or cotton from the stalk, or from any vineyard any grapes of any money value, without the consent of the owner or manager, and provides for punishment not exceeding three months, or a fine not exceeding fifty dollars. This contention is without merit.
‘In the case of McKenna v. State, 119 Fla. 576, 161 So. 561, the defendknt’was found guilty of the larceny of forty boxes of grapefruit. The contention was made that he should have been prosecuted under F. S. Section 821.12, F.S.A. This Court said:
“ * * * That section is designed to denounce and punish the severing of fruit and crops from the freehold as a trespass, but it was never intended to be used as a shield from prosecution for larceny where the facts warrant such prosecution.”
There is no attack upon the sufficiency of the evidence. A mere reading of the record shows that the evidence warranted the prosecution and conviction for grand larceny. ' ■
Affirmed.
ROBERTS, G. J./and TERRELL and SEBRING, JJ„ concur.