RAWLS, Judge.
Appellant Arthur Leroy Johnson appeals from a judgment convicting him of the crime of robbery. His sole point on appeal is that the trial court erred in failing to give proper instructions as to the lesser included offenses of grand larceny and/or petit larceny. Appellant concedes that he did not request such an instruction or object to the charges actually given.
Appellant was charged by information with the crime of robbery in that he did “ * * * by putting in fear, unlawfully and feloniously rob, steal and take away from the person and custody of Juan Luis Viruet, one (1) lot of coins and currency of the United States of America, of the value of Fifty-nine Dollars and Seventy-two cents ($59.72), * * Juan Luis Viruet was working as a night manager of a service station on the date of the alleged robbery. He testified that defendant Johnson and the co-defendant, one Robert Graves, held him up late one night with a pistol, robbed him of all the bills and change he had on his person and also took a sum of money out of a cigar box. He further testified that during this time defendant Johnson held the-pistol on him and upon leaving shot it a couple of times in his. direction. Shortly after the robbery a checkup revealed that he had been robbed of the approximate sum of $59.72. The arresting officer, who seized defendants in close proximity to the service station immediately after the robbery, testified that he found in defendants’ possession the sum of $59.72, and put this money in a sack which was introduced into evidence and which included one roll of pennies wrapped in a distinctive wrapper used by the service station.
Defendant Johnson denied any connection with the robbery, taking the position that he was a mere hitchhiker, had not had possession of the pistol, had not stayed at the service station any length of time and had not fired the pistol or done any of the things as testified to by the prosecuting witness Viruet, although he did state that he and Graves were together during this period of time. The co-defendant Graves testified approximately to the same effect as Johnson, vehemently denying any connection with the robbery. Thus, the jury was presented with the issue of whether or not the defendants had robbed Viruet of more than $50.00 at the time set out in the information. There was no issue as to the *488 amount in controversy and the only proof adduced was that Viruet had been robbed on this occasion of the approximate sum of $59.72.
Judge Sturgis, speaking for this Court in Silver v. State,[1] clearly recognized the rule that obtains in a situation such as here presented, wherein he stated:
“The appellant, relying on the authority of Allison v. State, 162 So.2d 922 (Fla.App.1964), Jimenez v. State, 158 Fla. 719, 30 So.2d 292 (1947), and McKenna v. State, 119 Fla. 576, 161 So. 561 (1935), insists that the court erred in failing of its own motion to instruct the jury with regard to petit .larceny. Appellant concedes that he did not request such instruction or object to the charges actually given. Having determined that the evidence herein is susceptible of no conclusion other than that the value of the promissory note signed by the prosecuting witness was in excess of $100.00, it is .apparent that the jury could not with propriety have found the appellant guilty of petit larceny. To hold otherwise would permit the jury to usurp the legislative function by using its verdict as a vehicle by which to reduce the sentence to less than the minimum prescribed by the legislature for the crime committed, and also to usurp the judicial function by depriving the court of the power to impose a sentence within the limits prescribed by the statute for such crime. It is axiomatic that the trial court should not be required to perform a useless act, as would be the case if compelled of its own motion to charge the jury with respect to a crime which under no aspect of the evidence is shown to have been committed. Appellant’s contention must be rejected on the authority of Brown v. State, 124 So.2d 481 (Fla.1960). In that case the Florida Supreme Court accepted certiorari to review a decision of the Florida Second District Court of Appeal (State v. Brown, 118 So.2d 574) reversing an order of the trial court which granted a new trial to Brown (found guilty of murder in the second degree) on the ground that it erred in failing of its own motion to instruct the jury on third degree murder, notwithstanding the fact that no evidence had been presented as to such crime and no request made by Brown for such instruction. In discharging the writ of certiorari, the supreme court, speaking through Thornal, J., held that in any trial for first degree murder the accused is entitled to have the jury instructed on all degrees of homicide, including manslaughter, if he requests such an instruction, but further held that ‘ * * * if the accused fails to request such an instruction or fails by timely objection to bring to the attention of the trial judge an error in any such instruction given he cannot urge the error for the first time on appeal. Section 918.10(4), Florida Statutes, F. S.A.’ ”
This defendant did not put into issue the amount robbed nor did he request an instruction concerning any lesser included offense; therefore, the judgment of conviction must be and is
Affirmed.
STURGIS, C. J., and WIGGINTON, J., concur.

. Silver v. State, Fla.App.1st, 174 So.2d 91, filed March 16, 1965.