JOHNSON, Judge.
Appellant was convicted by a jury of aggravated assault in Jackson County. Pie had been informed against for assault with intent to commit murder in the first degree. From this conviction and sentence thereon, this appeal arises.
There was some conflict in the testimony as to how the trouble started and as to *530 who started it, hut all witnesses admitted the defendant used a gun and did shoot the prosecuting witness. The defendant himself testified that he shot the prosecuting witness two times.
In this appeal, the appellant raises two points as error, as follows:
“Point One—THE APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL BY THE FAILURE OF THE TRIAL COURT TO INSTRUCT THE JURY ON THE PRESUMPTION OF INNOCENCE WHICH SURROUNDS THE APPELLANT THROUGHOUT THE TRIAL.
“Point Two—THE INSTRUCTIONS OF THE TRIAL COURT, WHEN VIEWED IN LIGHT OF THE CHARGES AS A WHOLE, FAILED TO ADEQUATELY APPRISE THE JURY OF THE LESSER INCLUDED MISDEMEANOR OF ASSAULT AND BATTERY.”
We treat the second point raised first herein because it is without merit and needs no further attention than a reading of the court’s charges as follows:
“Now, under the indictment in this case, the Defendant may, if the evidence warrants it, he convicted either of assault with intent to commit murder in the first degree, assault with intent to commit murder in the second degree, assault with intent to commit manslaughter, aggravated assault, or assault and battery.”
This charge was sufficient to meet any test of lesser charges, and if not, since no charge was requested thereon, this court has settled that question in Johnson v. State, 173 So.2d 487 (Fla.App. 1st, 1965) and Silver v. State, 174 So.2d 91 (Fla.App. 1st, 1965).
The other point raised is the failure to charge on the presumption of innocence. Even though no request was made by the defendant for such an instruction nor objection raised for failure thereof, the defendant contends that the appellate court may review an error of the trial court if the error is so fundamental as to warrant such action to insure justice, citing in support thereof Henderson v. State, 155 Fla. 487, 20 So.2d 649 (1945) and Section 924. 32, Florida Statutes, F.S.A. We have no quarrel with this as being good law.
In the case sub judice, the trial court gave long and detailed instructions as to the burdens of proof being on the State; that the information was not evidence of guilt and on reasonable doubt. From a reading of all of said charges, we feel that the court amply covered the rights of the defendant and that there was not such an error so fundamental as to warrant this court interfering with the lower court’s instructions. McKenna v. State, 119 Fla. 576, 161 So. 561 (1935).
No objection was made at the trial court level by the defendant nor any instruction requested thereon by the defendant insofar as the record before us shows; so in the absence of such a fundamental error as to adversely affect justice, Section 918.10(4), Florida Statutes, F.S.A., is controlling in this case, wherein we find the following language:
“(4) No party may assign as error or grounds of appeal, the giving or the failure to give an instruction, unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.”
Affirmed.
WIGGINTON, Acting C. J., and STUR-GIS, J., concur.