189 So.2d 212 (1966)
Lewis Andrew FLAGLER, Appellant,
v.
STATE of Florida, Appellee.
No. 196.
District Court of Appeal of Florida. Fourth District.
July 22, 1966.
Rehearing Denied September 1, 1966.
*213 Jack P. LaMarr, Asst. Public Defender, Fort Lauderdale, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, Fred T. Gallagher, Asst. Atty. Gen., Vero Beach, and Herbert P. Benn, First Asst. Atty. Gen., Miami, for appellee.
WALDEN, Judge.
The defendant, Louis Andrew Flagler, was convicted of robbery. He appeals. We affirm.
One night a car stopped at a stop sign. It was operated by a housewife. Seated beside her as her only passenger was her four-year old child. The defendant, a stranger, opened the front door on the passenger side without warning. He entered the car and sat down beside the driver and child. An appreciable period passed without action or word spoken. Defendant then picked up the housewife's handbag containing $400.00 and other valuables and exited, slamming the car door. The driver locked the car door and she and the child screamed. Defendant attempted without success to re-enter the car. The housewife drove away for help. She testified that she was afraid and that she said nothing while he was in the car because she was afraid he would do something to her child.
Robbery is defined in F.S.A. § 813.011 as follows:
"Whoever, by force, violence or assault or putting in fear, feloniously robs, steals and takes away from the person or custody of another, money or other property which may be the subject of larceny * * *." (Emphasis added).
The defendant contends, in the light of the statutory definition, that the factors of "by force, violence or assault or putting in fear" are absent in the instant case. We disagree.
First, the prosecutrix testified affirmatively that she was in fear at the time and this was sufficient. Second, the rule is that if the circumstances attendant to the robbery were such as to ordinarily induce fear in the mind of a reasonable man then the victim may be found to be in fear and actual fear need not be strictly *214 and precisely shown. Thomas v. State, Fla.App. 1966, 183 So.2d 297. Surely the circumstances here outlined abundantly meet the test.
Defendant's second point is that the trial court committed error in not instructing the jury sue sponte upon the crime of larceny, it being a lesser included offense. In support of his position he urges the case of Allison v. State, Fla.App. 1964, 162 So.2d 922.
We record from the record certain critical criteria used in our evaluation. The defendant represented by counsel did not request a larceny charge or any other instruction. He did not object to the charge as given by the trial judge. The defendant testified and supported his defense of alibi. He claimed to be without knowledge as to the stop sign events, saying that he was engaged elsewhere. The only witness as to the crime happenings was the prosecutrix who testified as here outlined. In other words, defendant's defense was by way of avoidance. There was no evidence from either side of the case in mitigation or to support a lesser offense. In this posture of things the jury would be authorized to return a verdict of guilty of robbery or not guilty by reason of the establishment of the alibi defense. See Silver v. State, Fla.App. 1965, 174 So.2d 91.
Does Allison v. State, supra, have any bearing? We think not, for two reasons. First, there the appellant specifically requested the charge on the lesser offense. Second, we think that in the Allison case, different from here, the evidence could have supported a finding of guilty on the lesser charge. This distinction was recognized in Silver v. State, supra.
There being no issue as to the housewife's fear, the only proof being sufficient and as stated, and there being no proof whereby the jury could have found the commission of a lesser offense, we feel the conviction judgment should be affirmed Johnson v. State, Fla.App. 1965, 173 So.2d 487.
Affirmed.
SMITH, C.J., and ALLEN. WILLIAM P., Associate Judge, concur.