232 So.2d 209 (1970)
Louis MATIRE, Appellant,
v.
STATE of Florida, Appellee.
No. 2130.
District Court of Appeal of Florida, Fourth District.
February 9, 1970.
Rehearing Denied March 23, 1970.
Leroy H. Moe and Steadman S. Stahl, Jr., Special Asst. Public Defenders, Hollywood, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, for appellee.
OVERTON, BEN F., Associate Judge.
The appellant was convicted of first degree murder with a recommendation of mercy. From this conviction he appeals, his principal contention being that the trial judge committed error by failing to make available to the jury for its use in its deliberations the written instructions orally presented to them in open court. Under the facts and circumstances of this cause we find no reversible error and affirm.
The appellant contends that the provisions of Section 918.10(2), Florida Statutes, F.S.A., make it mandatory for the trial court to have the written instructions *210 in capital cases taken by the jury to the jury room for its use in its deliberations. F.S. Section 918.10(2), F.S.A., provides as follows:
"Every charge to a jury shall be orally delivered, and charges in capital cases shall also be in writing. Charges in other than capital cases shall be taken by the court reporter, transcribed by him, and filed in the cause."
The purpose of this statute and its predecessors is to establish a procedure which insures that instructions in capital cases are as correct as possible by having them reduced to writing, and thereby requiring their prior preparation before presentation to the jury. Duggan v. State, 1861, 9 Fla. 516; Long v. State, 1866-1867, 11 Fla. 295; Holton v. State, 1849, 2 Fla. 476; Dixon v. State, XXXX-XXXX-XXXX, 13 Fla. 636; Morrison v. State, 1900, 42 Fla. 149, 28 So. 97; and Cruce v. State, 1922, 84 Fla. 191, 93 So. 134. It also provides an unquestioned verbatim record of the charge to the jury.
Section 918.10(2), as now written requires charges in capital cases to be in writing, but the statute does not say the court must allow the written charges to be taken in their written form by the jury to the jury room for its use during its deliberations.
Criminal Rule 1.400, 33 F.S.A., superseded Section 919.04, Florida Statutes, effective January 1, 1968. It contains the identical provisions with respect to jury instructions as Section 919.04. Rule 1.400 provides:
"Upon retiring for deliberation the jurors may, if the court permits, take or later have sent to them:
"* * *
"(b) Any written instructions given; but if any such instruction is taken or sent all the instruction shall be taken or sent. * * *"
This rule makes it clear that it is in the sound discretion of the trial court to determine whether written instructions should be carried in their written form by the jury to the jury room for use during its deliberations. Brown v. State, 1943, 152 Fla. 508, 12 So.2d 292. This court has considered Coggins v. State, Fla.App. 1958, 101 So.2d 400; and Kimmons v. State, Fla.App. 1965, 178 So.2d 608, and said decisions are not in conflict herewith.
The defendant-appellant, accepting the construction that the trial court had the discretionary power, contends there was a special necessity in the instant case to send the writtens instructions to the jury room and the trial court's failure to do so was an abuse of its discretion. The defendant-appellant had pled not guilty by reason of insanity and it is contended that the instructions concerning mental competency were sufficiently complicated to require the jury to have them during its deliberation.
A trial judge's judicial discretion is not an unregulated power. Judicial discretion is a discretion guarded by the legal and moral conventions that mold the acceptable concept of right and justice. Albert v. Miami Transit Co., 1944, 154 Fla. 186, 17 So.2d 89. Justice Cardozo stated the principles that a trial judge must follow in exercising judicial discretion in "The Nature of the Judicial Process," Yale University Press 1921, where he stated:
"The judge, even when he is free, is still not wholly free. He is not to innovate at pleasure. He is not a knight-errant roaming at will in pursuit of his own ideal of beauty or of goodness. He is to draw his inspiration from consecreated principles. He is not to yield to spasmodic sentiment, to vague and unregulated benevolence. He is to exercise a discretion informed by tradition, methodized by analogy, disciplined by system, and subordinated to *211 `the primordial necessity of order in the social life.' Wide enough in all conscience is the field of discretion that remains."
In Carolina Portland Cement Co. v. Baumgartner, 1930, 99 Fla. 987, 128 So. 241, 247, our Supreme Court said:
"`Judicial discretion' does not imply that a court may act, or fail to act, according to the mere whim or caprice of the presiding judge, but it means a discretion exercised within the limits of the applicable principles of law and equity, and the exercise of which, if clearly arbitrary, unreasonable, or unjust, when tested in the light of such principles, amounting to an abuse of such discretion, may be set aside on appeal."
See also Ellard v. Godwin, Fla. 1955, 77 So.2d 617, 619; McWhorter v. McWhorter, Fla.App. 1960, 122 So.2d 504.
A trial court, when exercising its discretion, must consider each case upon its individual facts and circumstances.
In the instant case, counsel for the defendant requested at the conclusion of the instruction conference that the written instructions be given to the jury for use during its deliberations. Proposed instructions had been written and made available to each counsel prior to the instruction conference. At the request of counsel for the defendant, changes were made in these original written instructions. The trial judge, complying with the request of counsel for the defendant, substituted certain written instructions contained in reported cases. These were not minor corrections or interlineations that could easily be written in the previously prepared instructions. Counsel for the defendant recognized the administrative problem of reproducing a corrected copy of the instructions that could be given to the jury to take with it into the jury room by prefacing his comments as follows:
"I know that time does not permit it, but whatever instructions may be given " [The sentence was never finished.]
The request seems to imply that the court should send part of the instructions with the jury, in clear violation of Criminal Rule 1.400.
The written instructions as read to the jury with the handwritten interlineations referring to portions of written instructions in reported case opinions were filed in the cause. These original written instructions, although they were complete and complied with the statute, should not in their original form have been given to the jury for its use in its deliberations. To a lay person, the interlineations may not have been understood and could have been misleading. In addition, it would have required giving the jury the reported cases to which the interlineations referred in order for it to have the instructions as given.
The record reflects that the testimony and evidence concerning the issue of insanity was technical and complex, but the instructions on the other hand were not unusually long or complex. The record does not reflect that the jury was troubled, confused, or in doubt about the instructions. No request was made for any one or all of the instructions to be re-read, and the jury reached its verdict in one hour.
The sending of written instructions with the jury for use in its deliberations can be a valuable aid in the jury's understanding of the applicable law, particularly in complex situations, and should be used when at all possible and practical.
Can it be said that the trial judge abused his discretion under these facts and circumstances? Discretion is said to be abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that the discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as *212 to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. Carolina Portland Cement Co. v. Baumgartner, supra; Delno v. Market St. Railway Co., 9 Cir.1942, 124 F.2d 965; People v. Russel, 1968, 69 Cal.2d 187, 70 Cal. Rptr. 210, 443 P.2d 794, and cases cited therein. No rights of the defendant-appellant were denied him, nor was the ruling of the trial judge arbitrary or unreasonable.
The judgment and sentence is affirmed.
CROSS, C.J., and McCAIN, J., concur.