SMITH, Judge.
Reynolds appeals from judgments and imprisonment sentences for breaking and entering with intent to commit grand larceny and grand larceny. He asserts that the evidence was insufficient to sustain his conviction and that the trial court erred in failing to repeat entirely, when requested to do so by the jury, its charges on the elements of breaking and entering with intent to commit grand larceny and on the State’s burden of proof.
Just before midnight on the night of the offenses, witnesses looked through the plate glass windows of Whitehill Equipment Company in Tallahassee and saw inside three black males moving around and removing merchandise. One wore a brown jacket. As police arrived, two of the thieves left on foot. The third, Frederick Henderson, was arrested while attempting to drive an automobile loaded with stolen merchandise away from the scene. See Henderson v. State, 332 So.2d 30 (Fla.App. 1st, 1976). Appellant, a black male wearing a brown jacket, was stopped while jogging down a nearby street. Appellant identified himself, explained that he often took his nightly exercise in that area and was generally cooperative with the investigating police, who accepted his explanation. Thereafter, the car in which Henderson had been apprehended was found to be registered to appellant and appellant claimed the impounded automobile as its owner.
The evidence, when viewed by a jury cognizant of the presumption of innocence and the State’s burden of proof, could support a conscientious verdict that appellant participated in breaking and entering the Whitehill premises in order to commit grand larceny, and, after entering, committed grand larceny. But in the course of its deliberation, the jury returned to request that the court repeat its instructions on “circumstantial evidence and breaking and entering . . . and reasonable doubt.” The court, which had previously charged the jury on these subjects as recommended in Florida Standard Jury Instructions-Criminal, repeated the previously given charge on breaking and entering with intent to commit grand larceny but omitted the italicized portion set out below:
“Now, even though an unlawful breaking and entering is proved, if the evidence does not establish that it was done with the intent to commit the particular crime stated, the Defendants must be found not guilty. The intent with which an act is done is an operation of the mind and, therefore, it is not always capable of direct and positive testimony and proof. Therefore, it may be established by circumstantial evidence like any other fact in the case.”
And in recharging the jury on the State’s burden of proof, the court stated:
“ . . . Now, reasonable doubt. (Pausing) First, I charge you that you must carefully, impartially and conscientiously *29 consider, compare and weigh all of the evidence. And if after doing this you think that your understanding, judgment and reason are well satisfied and convinced to the point of having a full, firm and an abiding conviction that the charge has been proved to the exclusion of and beyond a reasonable doubt, it is your duty to find the Defendant guilty. Now, a doubt which is a mere possible doubt, a speculative or imaginary or a forced doubt is not a reasonable doubt. And for the reason that everything relating to human affairs is open to some doubt of this kind, such a doubt must not influence you, the Jury, to return a verdict of not guilty where you do .have an abiding conviction of guilt. On the other hand, if after carefully considering, comparing and weighing all the evidence there is not an abiding conviction of guilt, or if you have a conviction, it is one which is not stable but one which wavers and vacillates, then the charge is not proved beyond every reasonable doubt and you should find the Defendant not guilty because this doubt is reasonable. And a doubt which is not suggested by or does not arise from the evidence or the lack of evidence is not a reasonable doubt and should never be considered. In other words, a reasonable doubt is a doubt which you can explain and accept and justify in your own mind, not one that you conjure up and want to believe. . . . ”
The court failed to repeat the charge previously given in introducing the words above quoted, that "the Defendant . is presumed to be innocent until his guilt is established by the evidence to the exclusion of and beyond every reasonable doubt” and refused to charge the jury again concerning the presumption of innocence which attends the defendant throughout the trial. See Florida Standard Jury Instructions — Criminal (1st ed.), 2.11(a). The court also failed to recharge the jury in the terms of charge 2.11(b), “proof indispensable.” Although the court repeated to the jury that “a doubt which is not suggested by or does not arise from the evidence or the lack of evidence is not a reasonable doubt and should never be considered,” the court neglected to recharge the jury that “a lack of evidence or an insufficiency of evidence may create a reasonable doubt.”
Defense counsel objected to the court’s failure to give a complete charge on the presumption of innocence. We conceive that any proper understanding of the State’s burden of proof in a criminal case must begin with an appreciation of that presumption. The recommended Standard Instructions yoke the presumption with the burden. The evidence against Reynolds was circumstantial and not in all respects compelling, so it was all the more important that the complete and integrated charge on the presumption of innocence and the State’s burden of proof be accurately repeated to the jury when requested. McKenna v. State, 119 Fla. 576, 161 So. 561 (1935); Hedges v. State, 172 So.2d 824 (Fla.1965); Faulk v. State, 296 So.2d 614 (Fla.App. 1st, 1974). Although the jury foreman responded affirmatively to the court’s inquiry whether the charges given adequately answered the request for further instructions, we do not believe that judgment should be left entirely to jurors whose doubt of what they had heard prompted the request for repeated instructions in the first instance. Reynolds must receive a new trial.
REVERSED.
BOYER, C. J.,- and MILLS, J., concur.